WENDY J. OLSON, Bar No. 7634
wendy.olson@stoel.com
ALAINA HARRINGTON, Bar No. 11879
alaina.harrington@stoel.com
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000

LINDSAY C. HARRISON (*pro hac vice forthcoming*)
lharrison@jenner.com
JESSICA RING AMUNSON (*pro hac vice forthcoming*)
jamunson@jenner.com
SOPHIA W. MONTGOMERY (*pro hac vice forthcoming*)
smontgomery@jenner.com
RUBY C. GIAQUINTO (*pro hac vice forthcoming*)
rgiaquinto@jenner.com
JENNER & BLOCK
1099 New York Avenue, NW, Suite 900
Washington, D.C. 20001
Telephone:  202.639.6000

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD., <br><br> Plaintiff, <br><br> v. <br><br> RAÚL LABRADOR, Attorney General of the State of Idaho, <br><br> Defendant. | Case No. 1:25-cv-00015-DKG <br><br> **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE** |

Plaintiff St. Luke's Health System, Ltd., submits this memorandum in support of its Motion to Consolidate this case with *United States v. Idaho*, 22-cv-0329-BLW, currently pending decision on appeal in the Ninth Circuit, Case Nos. 23-35440 and 23-35450.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE - 1

## BACKGROUND

The United States filed suit against Idaho to enjoin the State from enforcing § 18-622 insofar as it prohibits the stabilizing care that the Emergency Medical Treatment and Labor Act ("EMTALA") requires. On August 24, 2022, this Court enjoined "the State of Idaho, including all of its officers, employees, and agents" from enforcing § 18-622 "as applied to medical care required by [EMTALA]." *United States v. Idaho*, 623 F. Supp. 3d 1096, 1117 (D. Idaho 2022). The Court held that EMTALA preempts § 18-622 in circumstances where EMTALA "requires the provision of care and state law criminalizes that very care." *Id.* at 1109. This Court also concluded that § 18-622 "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* at 1111 (citation omitted). Section 18-622 would deter EMTALA-required stabilizing care, this Court explained, because it often would require a "medically impossible" determination in emergency circumstances that pregnancy termination is "necessary to prevent the patient's death." *Id.* at 1113-14.

The State and Legislature filed a consolidated appeal. While a panel of the Ninth Circuit initially stayed the district court's injunction pending appeal, *United States v. Idaho*, 83 F.4th 1130 (9th Cir. 2023), the *en banc* Court vacated that stay, *United States v. Idaho*, 82 F.4th 1296 (9th Cir. 2023), and set the case for argument. Before argument could take place, however, the U.S. Supreme Court stayed the preliminary injunction and granted certiorari before judgment. *Moyle v. United States*, 144 S. Ct. 540 (2024). The stay went into effect on January 5, 2024. *Id.* On June 27, 2024, the Supreme Court dismissed the writ as improvidently granted, vacated its stay, and thereby reinstated the preliminary injunction without modification. *Moyle v. United States*, 144 S. Ct. 2015

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE - 2

(2024) (per curiam). The case was remanded to the *en banc* Ninth Circuit, which heard argument on December 10 and took the matter under consideration.

After the Supreme Court decision and before argument on remand to the Ninth Circuit, the State and Legislature moved to modify the preliminary injunction. Motion for Modification, *United States v. Idaho*, No. 22-cv-00329 (D. Idaho July 12, 2024), ECF No. 166. They argued that "[m]uch has changed since this Court preliminarily enjoined Idaho's Defense of Life Act," including that the United States had made statements to the Supreme Court about EMTALA's reach that "narrowed— dramatically and materially—the scope of any potential conflict." *Id.* at 1. This Court rejected the motion as it had no jurisdiction to modify the injunction pending appeal. *See* Memorandum and Opinion, *United States v. Idaho*, No. 22-cv-00329 (D. Idaho July 14, 2024), ECF No. 168.

St. Luke's filed its action on January 14, 2025, also seeking to enjoin enforcement of § 18-622 insofar as it prohibits the stabilizing care that EMTALA requires. St. Luke's brought equitable and Declaratory Judgment Act claims against Idaho Attorney General Raúl Labrador, in his official capacity. *See St. Luke's v. Labrador*, Compl. On that same date, St. Luke's filed a motion for preliminary relief, seeking an injunction identical to the one in *United States v. Idaho*, except that it would run specifically against Attorney General Labrador and his officers, employees, and agents. *See St. Luke's v. Labrador*, Mem. in Support of Mot. for Prelim. Injunction at 1. St. Luke's now moves to consolidate the two actions.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 42(a), this Court has broad discretion to consolidate actions involving a common question of law or fact. *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) ("A district court generally has 'broad' discretion to consolidate actions; we review its decision on consolidation under an abuse of discretion standard.").

As this Court has previously explained:

> When separate actions involving a common question of law or fact are pending before the court, the court may order a joint hearing, trial or other matters at issue in the actions. Moreover, the court may order all the actions consolidated, and it may make any order which tends to avoid unnecessary costs or delay. The district court has broad discretion under this rule to consolidate cases pending in the same district.

*Dudley v. Aspen Realty, Inc.*, No. 06-cv-189, 2007 WL 2238889, at *1 (D. Idaho Aug. 1, 2007) (citations omitted).

Further, in *Abbott v. Sombke*, this Court consolidated two separate prisoner civil rights cases in which plaintiff inmates were alleging inadequate psychiatric care:

> In order to consolidate claims, the right to relief asserted by each plaintiff must arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences, and there must be common questions of law or fact in the actions. The district court must also decide whether consolidation of the plaintiffs' claims would be equitable to both sides. The primary considerations for the Court are the judicial efficiency of consolidating the cases and the risk of inconsistent adjudications in the event the cases proceed separately. *See Matter of Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995) (trial court must not divide issues between separate trials in such a way that the same issue is reexamined by different juries).

*Abbott v. Sombke*, No. 03-cv-472, 2006 WL 988285, at *1 (D. Idaho Apr. 13, 2006) (citations omitted); *accord Hoak v. Smith*, No. 08-cv-402, 2009 WL 453824, at *1 (D. Idaho Feb. 20, 2009) (Winmill, J.) (ordering consolidation of five cases "for ease of administration" where "Plaintiffs' Complaints have similar content, all relate to the same subject matter, and are brought against the same type of defendants").

Where a court determines that there are common questions of law or fact warranting consolidation, it must then weigh the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause. *Single Chip Systems Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052 (S.D. Cal. 2007).

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE - 4

# ARGUMENT

This Court should exercise its discretion under Federal Rule of Civil Procedure 42(a) to consolidate this case with *United States v. Idaho,* 22-cv-0329-BLW.

## I. The Two Cases Involve Common Questions of Law and Fact and Seek the Same Relief.

St. Luke's brings the same underlying legal claim against an Idaho state official—the Attorney General—as the United States brought against the State of Idaho. Both actions assert that to the extent Idaho's Total Abortion Ban, Idaho Code § 18-622, conflicts with EMTALA, EMTALA preempts the Idaho statute. *Compare St. Luke's v. Labrador*, Compl. ¶ 6, *with United States v. Idaho*, 623 F. Supp. 3d at 1105. St. Luke's brings its lawsuit specifically against the Idaho Attorney General, because, as Attorney General, Labrador has the authority to enforce Idaho criminal statutes, including Idaho Code § 18-622. *Planned Parenthood Great Nw., Haw., Alaska, Ind., Ky. v. Labrador*, 122 F.4th 825, 843 (9th Cir. 2024); *Planned Parenthood of Idaho, Inc. v. Wasden,* 376 F.3d 908, 919-20 (9th Cir. 2004).

The legal claim asserted by St. Luke's is also based on the same facts as those in *United States v. Idaho*. St. Luke's and the United States both assert in their respective actions that hospitals, their employees, and their patients face harm, and have experienced harm, where providers confront an untenable choice of complying with an Idaho criminal statute, Idaho Code § 18-622, or complying with their obligations under EMTALA to provide stabilizing care to pregnant patients who present at emergency rooms with significant complications that pose a risk to the pregnant patient's health and for whom stabilizing care may require termination of the pregnancy. *Compare St. Luke's v. Labrador*, Compl. ¶ 46, *with United States v. Idaho*, 623 F. Supp. 3d at 1103-05. Indeed, St. Luke's physicians provided declarations in support of the United States' motion for a preliminary injunction in *United States v. Idaho,* describing circumstances in which treatment of pregnant patients under

EMTALA standards posed a conflict with Idaho Code § 18-622. *See United States v. Idaho*, 623 F. Supp. 3d at 1103-05; Decl. of Kylie Cooper ¶ 6, *United States v. Idaho*, No. 22-cv-329 (D. Idaho Aug. 8, 2022), ECF No. 17-7; Decl. of Stacy T. Seyb ¶¶ 9-10, *United States v. Idaho*, No. 22-cv-329 (D. Idaho Aug. 8, 2022), ECF No. 17-8.

On these common questions of law and fact, St. Luke's seeks effectively the same remedy that this Court already preliminarily entered against the State of Idaho in *United States v. Idaho*, an injunction prohibiting enforcement of Idaho Code § 18-622 to the extent it conflicts with EMTALA. *Compare St. Luke's v. Labrador*, Mem. in Support of Mot. for Prelim. Injunction at 1, *with United States v. Idaho*, 623 F. Supp. 3d 1096, 1117 (D. Idaho 2022). Here, as set forth above, St. Luke's simply asks the Court to enter the injunction against a specific State of Idaho official with responsibility for criminal enforcement of the statute, Attorney General Labrador.

## II. Consolidation Would Promote Judicial Economy and Would Not Cause Inconvenience or Delay.

Although *United States v. Idaho* was filed more than two years ago, the appellate proceedings that followed entry of this Court's preliminary injunction in *United States v. Idaho* are ongoing, and proceedings in this Court remain in their beginning stages. The State of Idaho filed its Answer on September 22, 2022, but the only other proceedings in this Court relate to motions for reconsideration of the preliminary injunction and to intervention by the Legislature. Moreover, because the Ninth Circuit *en banc* panel has not yet ruled on the Defendants' appeal,[1] the district court proceedings in

---

[1] This Court has jurisdiction to enter an order consolidating these cases. When a notice of appeal is filed, the district court is "divested of jurisdiction," but only as to "the matters being appealed." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). This rule thus prevents "the confusion that would ensue from having the same issues before two courts simultaneously." *Id.* Presently, the issue of consolidation is not before the Ninth Circuit. Nor would consolidating the two cases change anything about the question on review in the Ninth Circuit—that is, the propriety of a preliminary injunction against the State of Idaho. The instant Motion is therefore "a discrete matter ancillary to the issues under consideration" in the Ninth Circuit, and

*United States v. Idaho* are unlikely to resume for at least several weeks. Thus, the parties in *United States v. Idaho* will not be inconvenienced, and the proceedings there will not be delayed.

Consolidation will reduce costs for the defendants in both actions, where the State has been represented by the Office of the Attorney General, the named defendant in the case filed by St. Luke's. In addition, if the cases are consolidated, all parties and the Court will have a single set of litigation deadlines and will not have duplicative filings, orders, hearings, or case proceedings. If the United States seeks to dismiss its case against the State and the two cases are not consolidated, the parties here will need to reproduce the entire record from that action—a superfluous time- and resource-intensive exercise. Thus, consolidation of these cases would promote judicial economy, reduce costs to the parties, and allow a single adjudication of the underlying claims.

## CONCLUSION

For the reasons set forth above, St. Luke's respectfully requests that this Court grant the motion to consolidate this case with *United States v. Idaho*, 22-cv-0329-BLW.

---

this Court "has authority to proceed forward with portions of the case not related to the claims on appeal, such as claims against other defendants." *May v. Sheahan*, 226 F.3d 876, 879, 880 n.2 (7th Cir. 2000); *see also Ctr. for Food Safety v. Vilsack*, No. 10-cv-04038, 2011 WL 672802, at *3 (N.D. Cal. Feb. 18, 2011) (holding that district court had jurisdiction to consider motion to amend complaint seeking entry of "new injunction" where original preliminary injunction was on appeal).

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE - 7

DATED: January 14, 2025						STOEL RIVES LLP


							/s/ Wendy J. Olson
							Wendy J. Olson
							Alaina Harrington


							JENNER & BLOCK LLP


							/s/ Lindsay C. Harrison
							Lindsay C. Harrison
							Jessica Ring Amunson
							Ruby C. Giaquinto
							Sophia W. Montgomery

							Attorneys for Plaintiff