RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation
and Constitutional Defense

Brian V. Church, ISB #9391
Lead Deputy Attorney General
David J. Myers, ISB #6528
Deputy Attorney General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
brian.church@ag.idaho.gov
david.myers@ag.idaho.gov

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD.,<br><br>*Plaintiff,*<br><br>v.<br><br>RAÚL LABRADOR, Attorney General of the State of Idaho<br><br>*Defendant.* | Case No. 1:25-cv-00015-BLW<br><br>**RESPONSE TO MOTION TO CONSOLIDATE** |

St. Luke's has moved the Court to consolidate its case with *United States v. Idaho*, No. 1:22-cv-00329-BLW (D. Idaho). Dkt. 4. According to St. Luke's, it is bringing the same claim based on the same facts and seeking the same relief as the *United States v. Idaho* litigation, except that it is seeking such relief against a single official. Dkt. 4-1 at 5.

The Attorney General requests that the Court first address the motion to dismiss but offers this response should the Court deny that motion.

## LEGAL STANDARD

Rule 42 of the Rules of Civil Procedure permits a court to consolidate cases pending in the same district if they involve common questions of law or fact. Fed. R. Civ. P. 42(a). According to the Supreme Court of the United States, district courts "enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). District courts "weigh[] the potential for increased efficiency against any inconvenience, delay, or expense consolidation would cause." *Does I-XIX v. Boy Scouts of Am.*, No. 1:13-cv-00275-BLW, 2017 WL 5571572, at *1 (D. Idaho Nov. 20, 2017) (citing *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)). Ultimately, however, "the party seeking consolidation bears the burden of establishing that the judicial economy and convenience benefits of consolidation outweigh any prejudice." *Pizzuto v. Tewalt*, No. 1:21-cv-00359-BLW, 2024 WL 1834473, at *2 (D. Idaho Apr. 26, 2024) (cleaned up).

## RESPONSE

The Attorney General first requests that the Court rule on his concurrently filed motion to dismiss before reaching the motion to consolidate. *See* Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2383 (3d ed. June 2024 update) (Westlaw ed.) (remarking that although a motion

to consolidate may be made early in litigation, "courts have concluded that consolidation is premature when motions to dismiss are pending."); *e.g., Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.*, Civ. No. 11-2683-JAR-KMH, 2012 WL 1825222, at *1 (D. Kansas May 18, 2012). The Attorney General's motion to dismiss in this suit has raised distinct issues and defenses as compared to those raised in the *United States v. Idaho* litigation, and for this reason the motion to dismiss should be considered first.

Should the Court deny the motion to dismiss, the Attorney General offers the following observations about St. Luke's motion to consolidate. *First*, St. Luke's motion to consolidate is ambiguous. The supporting brief speaks of consolidating the cases at one point but then speaks of not having "duplicative filings" and "a single adjudication of the underlying claim." Dkt. 4-1 at 7. The latter phrasing suggests to the Attorney General that St. Luke's seeks to merge the actions, rather than consolidate them. Yet, the Supreme Court in *Hall v. Hall* made clear that before and after the adoption of Rule of Civil Procedure 42, consolidated actions do not merge. "From the outset, we understood consolidation not as completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them." *Hall,* 584 U.S. at 67 (holding that one of multiple cases consolidated under the Rule retains its independent character to the extent it is appealable when finally resolved, regardless of any ongoing proceedings in the other cases). The Court in *Hall* relied on its previous holding in *Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496–97 (1933), that "consolidation is permitted as a matter of convenience and economy in administration, but

does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Here, merger of the suits is inappropriate.

*Second*, recognizing the wide discretion afforded to the Court, and the fact that this action has already been transferred to the same district judge handling the *United States v. Idaho* litigation, the Attorney General offers the following: if the Court denies the motion to dismiss, the Attorney General does *not* oppose the motion to consolidate, *subject to* discovery being permitted to proceed in this action (*St. Luke's v. Labrador*) forthwith, and *on the condition* that this action not be subject to any stay that is currently in effect in the other action (*United States v. Idaho*).

DATED: February 6, 2025.

        STATE OF IDAHO
        OFFICE OF THE ATTORNEY GENERAL

By: /s/ *Brian V. Church*
    BRIAN V. CHURCH
    Lead Deputy Attorney General

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 6, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Wendy J. Olson
wendy.olson@stoel.com

Alaina Harrington
alaina.harrington@stoel.com

Lindsay C. Harrison
lharrison@jenner.com

Jessica Ring Amunson
jamunson@jenner.com

Sophia W. Montgomery
smontgomery@jenner.com

Ruby C. Giaquinto
rgiaquinto@jenner.com

*Attorneys for Plaintiff St. Luke's Health System*

Stephen L. Adams
sadams@gfidaholaw.com

Chad Golder
cgolder@aha.org

*Attorneys for Proposed Amici American Hospital Association, America's Essential Hospitals, and the American Association of Medical Colleges*

/s/ *Brian V. Church*
Brian V. Church