WENDY J. OLSON, Bar No. 7634
wendy.olson@stoel.com
ALAINA HARRINGTON, Bar No. 11879
alaina.harrington@stoel.com
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000

LINDSAY C. HARRISON*
lharrison@jenner.com
JESSICA RING AMUNSON*
jamunson@jenner.com
SOPHIA W. MONTGOMERY*
smontgomery@jenner.com
RUBY C. GIAQUINTO*
rgiaquinto@jenner.com
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, D.C. 20001
Telephone:  202.639.6000
*admitted pro hac vice

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD.,<br><br>          Plaintiff,<br><br>     v.<br><br>RAÚL LABRADOR, Attorney General of the State of Idaho,<br><br>          Defendant. | Case No. 1:25-cv-00015-BLW<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE** |

Defendant Attorney General Labrador does not oppose Plaintiff St. Luke's Health System Ltd.'s ("St. Luke's") motion to consolidate and likewise does not oppose the related request that the Court consider the record in *United States v. Idaho*, 22-cv-0329-BLW, in deciding the pending

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE - 1

motion for preliminary injunction. *See* Resp. to Mot. to Consolidate, ECF No. 26, at 3. The Attorney General merely asks the Court to rule on his pending motion to dismiss before considering consolidation and, if the Court grants the motion to consolidate, to allow discovery in this matter to proceed notwithstanding any stay in the *United States* action. St. Luke's addresses each of the Attorney General's requests in turn.

## REPLY

*First*, the Court has an order of operations question before it. St. Luke's does not request a ruling on its motion to consolidate *prior to* adjudication of Attorney General Labrador's motion to dismiss, per se. *Contra* Resp. at 1-2. However, courts commonly—and properly—rule on motions for preliminary injunction and motions to dismiss in a single decision. *See, e.g.*, *Planned Parenthood Greater Nw. v. Labrador*, 684 F. Supp. 3d 1062 (D. Idaho 2023). Here, the Attorney General stipulated to joint briefing and a consolidated hearing on the motions, thereby agreeing to a course that facilitates a joint decision by the Court. *See* Stip., ECF No. 22. Indeed, the Attorney General's submission in this case often does not distinguish between its motion to dismiss and preliminary injunction arguments, leaving the Court little choice but to proceed in that fashion. *See* Mot. to Dismiss & Opp., ECF No. 25-1, at 1 ("For this reason and many others, the Court should deny St. Luke's motion for preliminary injunction *and* dismiss this action." (emphasis added)).

If the Court intends to rule on the pending motions together and denies the Attorney General's motion to dismiss, the Court should simultaneously consider the motion to consolidate so it can determine the proper record to reference in deciding the motion for preliminary injunction. St. Luke's has asked the Court to consider the record in *United States v. Idaho* incident to consolidation of the cases pursuant to Federal Rule of Civil Procedure 42(a)(3). *See* Mot. for

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE - 2

Prelim. Injunction, ECF No. 2. This is *not* a request to merge the cases, as Attorney General Labrador suggests. *See* Resp. at 2. St. Luke's simply asks the Court to take advantage of the efficiencies attendant to consolidation by eliminating the need to file duplicative declarations on the docket. Attorney General Labrador does not contest the existence of common questions of law or fact, nor does he oppose consolidation. The mere fact that, in addition to those common questions, the motion to dismiss *also* raises "distinct issues and defenses" is no reason to upend an efficient means of resolving the pending motions. Resp. at 2. In any event, if the Court decides either to deny consolidation or defer decision on that motion until after resolution of the motion for preliminary injunction, St. Luke's asks for an opportunity to supplement the record in this case with additional declarations. *See* Mot. for Prelim. Injunction (making this request in the alternative).

*Second*, the Court should not accept the Attorney General's proposed conditions on the Court's decision regarding consolidation. The Attorney General opposes entry of a stay in this case if consolidation is granted, and he wishes to seek discovery. But that question is not yet before the Court, and in any case, discovery would not begin immediately upon the Court's consolidation order. Upon any order consolidating the cases and denying the motion to dismiss, the Attorney General would first have to file an answer, and the parties would then have to conduct a Rule 26(f) discovery conference. *See* Fed. R. Civ. P. 26(f). In short, many steps lie between consolidation and discovery, making it premature for the Court to address anything regarding a stay of discovery at this juncture.[1]

---

[1] St. Luke's acknowledges that this action is on a different timeline than *United States v. Idaho* and that the Court would not be obligated to stay this case upon consolidation. But the Court certainly *can* exercise its discretion to stay the case if it deems such action the most efficient course. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE - 3

## CONCLUSION

Because Attorney General Labrador does not object to consolidation, the Court should order consolidation prior to or concurrent with ruling on the pending motion for preliminary injunction. That consolidation order, moreover, should not come with ancillary and premature conclusions about whether a stay is warranted or when discovery should proceed.

Dated: February 20, 2025

Respectfully submitted,

Wendy J. Olson

/s/ Wendy J. Olson
Wendy J. Olson, Bar No. 7634
Alaina Harrington, Bar No. 11879
Stoel Rives LLP
101 S. Capitol Blvd.
Suite 1900
Boise, ID 83702
(208) 387-4291
wendy.olson@stoel.com

Lindsay C. Harrison*
Jessica Ring Amunson*
Sophia W. Montgomery*
Ruby C. Giaquinto*
Jenner & Block LLP
1099 New York Ave NW, Suite 900
Washington, D.C. 20001
(202) 639-6000
lharrison@jenner.com
*admitted pro hac vice

*Attorneys for Plaintiff*

---

proceedings as an incident to its power to control its own docket."). However, that question is not now before the Court.

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE - 4

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent a notice of electronic filing to the following persons:

Brian V. Church
brian.church@ag.idaho.gov

David J. Meyers
david.myers@ag.idaho.gov

*Attorneys for Attorney General Labrador*

Chad Golder
cgolder@aha.org

Stephen Lee Adams
sadams@gfidaholaw.com

*Attorneys for Amici American Hospital Association, America's Essential Hospitals, and the American Association of Medical Colleges*

  /s/ Wendy J. Olson