WENDY J. OLSON, Bar No. 7634
wendy.olson@stoel.com
ALAINA HARRINGTON, Bar No. 11879
alaina.harrington@stoel.com
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000

LINDSAY C. HARRISON*
lharrison@jenner.com
JESSICA RING AMUNSON*
jamunson@jenner.com
SOPHIA W. MONTGOMERY*
smontgomery@jenner.com
RUBY C. GIAQUINTO*
rgiaquinto@jenner.com
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, D.C. 20001
Telephone:  202.639.6000
*admitted pro hac vice

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD., <br><br> Plaintiff, <br><br> v. <br><br> RAÚL LABRADOR, Attorney General of the State of Idaho, <br><br> Defendant. | Case No. 1:25-cv-00015-BLW <br><br> **PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER** |

On January 15, 2025, this Court denied Plaintiff St. Luke's Health System Ltd.'s ("St. Luke's") Motion for Expedited Consideration of its Motion for a Preliminary Injunction.  *See* Order & Notice of Hearing, ECF No. 12.  The Court wrote that, at the time, the request was "based

on speculation" that the "new administration might move to vacate the [existing] injunction and dismiss the action" in *United States v. Idaho*, 22-cv-0329-BLW. *Id.* at 2.  Accordingly, the Court indicated that it would revisit taking expedited action "if the United States unequivocally signals its intention to dismiss its complaint or seek to vacate the injunction in *United States v. Idaho* before" the Court could hold a preliminary injunction hearing.  *Id.*  It further ordered that the parties must "notify the Court immediately" if the parties in *United States v. Idaho* take an action that would "impact the injunction now in place." *Id.* at 3. St. Luke's does so now.

At 1:37 MT on Monday, March 3, 2025, counsel for St. Luke's received an email from counsel for the United States stating: "As a courtesy, I wanted to let you know that a few minutes ago I reached out to counsel for the State of Idaho and the Idaho Legislature, informing them that the United States would like to dismiss its claims in the above case, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), which requires 'a stipulation of dismissal signed by all parties who have appeared.'  I stated that, if possible, the United States would like to file the Stipulation of Dismissal on Wednesday, March 5, 2025." Declaration of Wendy J. Olson ("Olson Decl."), Exhibit A.  As the Court is aware, a hearing on the Motion for a Preliminary Injunction filed by St. Luke's and Attorney General Labrador's Motion to Dismiss is scheduled for March 5, 2025.

St. Luke's inquired about the Attorney General's position on this Motion yesterday evening.  The Attorney General did not respond.  *Id.* ¶¶ 4-5. St. Luke's also requested the Attorney General's position on a stipulation that this Court should consider the record in *United States v. Idaho* to be filed in this case, thus mooting the pending Motion for Consolidation.  Again, he did not respond. *Id.*

In light of these developments, St. Luke's respectfully moves for a temporary restraining order ("TRO") to maintain the status quo until such time as the Court issues its decision on the

pending Motion for a Preliminary Injunction. A dismissal under Rule 41(a) "is effective on filing" and "automatically terminates the action." *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995); *see also Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 & n.4 (9th Cir. 1999). Entry of a Rule 41(a) stipulation will therefore throw into question the status of the existent preliminary injunction. As set forth in the Motion for Preliminary Injunction and Motion to Expedite St. Luke's has filed, it is critical that there not be any period during which the Idaho law is not enjoined to the extent it conflicts with EMTALA. *See* Mem. in Support of Mot. for Prelim. Injunction at 19–20; Mot. to Expedite, ECF No. 3. In deciding this Motion, the Court should also immediately grant the pending Motion to Consolidate so that, pursuant to Federal Rule of Civil Procedure 42(a)(3), the record in *United States v. Idaho* may be deemed filed in this case.

Even a short period without an injunction would require Idaho hospitals to train their staff about the change in legal obligations, distracting them from providing medical care to their patients, and would once again require them to airlift patients out of state should a medical emergency arise so that those patients can consider the full spectrum of medically indicated care, including termination of pregnancy. A TRO is necessary to avoid that harm to patients[1] and their families as well as to St. Luke's and its staff.

"[T]he legal standards applicable to TROs and preliminary injunctions are 'substantially identical.'" *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (quoting *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)). For

---

[1] Experience in other states has shown that pregnancy becomes far more dangerous after states prohibit pregnancy termination because those bans lead to "delays in care" that can cause or exacerbate serious health conditions. *Texas Banned Abortion. Then Sepsis Rates Soared.*, ProPublica (Feb. 20, 2025), https://www.propublica.org/article/texas-abortion-ban-sepsis-maternal-mortality-analysis. In Texas, for instance, following the state's abortion ban, sepsis among pregnant patients has "surge[d]." *Id.*

PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER - 3
128099569.1 0048059-00016

either, a moving party must show "(1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest." *Idaho v. Coeur d'Alene Tribe*, 49 F. Supp. 3d 751, 762 (D. Idaho 2014) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *Coffman v. Queen of Valley Med. Ctr.*, 895 F.3d 717, 725 (9th Cir. 2018). As the parties have already fully briefed the pending Motion for Preliminary Injunction, St. Luke's here incorporates by reference its arguments in support of temporary relief. *See* Mem. in Support of Mot. for Prelim. Injunction, ECF No. 2-1; Reply in Support of Mot. for Prelim. Injunction, ECF No. 27.

Immediate relief is needed in light of the United States' planned dismissal.

## CONCLUSION

For the foregoing reasons, St. Luke's requests immediate entry of a temporary restraining order to preserve the status quo and allow the Court to fully consider the parties' positions on a preliminary injunction.

Dated: March 4, 2025                          Respectfully submitted,

                                                        Wendy J. Olson

                                                       /s/ *Wendy J. Olson*
Wendy J. Olson, Bar No. 7634
Alaina Harrington, Bar No. 11879
Stoel Rives LLP
101 S. Capitol Blvd.
Suite 1900
Boise, ID 83702
(208) 387-4291
wendy.olson@stoel.com

Lindsay C. Harrison*
Jessica Ring Amunson*
Sophia W. Montgomery*
Ruby C. Giaquinto*
Jenner & Block LLP
1099 New York Ave NW, Suite 900
Washington, D.C. 20001
(202) 639-6000
lharrison@jenner.com
*admitted pro hac vice

*Attorneys for Plaintiff*

PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER - 5
128099569.1 0048059-00016

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent a notice of electronic filing to the following persons:

| | |
|---|---|
| Brian V. Church<br>brian.church@ag.idaho.gov | Chad Golder<br>cgolder@aha.org |
| David J. Meyers<br>david.myers@ag.idaho.gov | Stephen Lee Adams<br>sadams@gfidaholaw.com |
| *Attorneys for Attorney General Labrador* | *Attorneys for Amici American Hospital Association, America's Essential Hospitals, and the American Association of Medical Colleges* |

    /s/ *Wendy J. Olson*