UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD., <br><br> Plaintiff, <br><br> v. <br><br> RAÚL LABRADOR, Attorney General of the State of Idaho, <br><br> Defendant. | **TEMPORARY RESTRAINING ORDER** <br><br> Case No. 1:25-cv-00015-BLW |

    The Court is scheduled to hear oral argument tomorrow, March 5, 2025 on two pending motions: Defendant Raul Labrador's motion to dismiss and Plaintiff St. Luke's Healthy System, Ltd.'s motion for a preliminary injunction. This morning, however, St. Luke's informed the Court that the United States intends to seek a stipulated dismissal, without prejudice, of its claims in *United States v. Idaho*, 22-cv-329-BLW. The United States reportedly wishes to file this stipulation for dismissal tomorrow—the same day as the scheduled hearing.

    St. Luke's says any dismissal would "throw into question the status of the existent preliminary injunction in that case." *Motion*, Dkt. 31, at 3. St. Luke's further reports that if there is even a short period without an injunction, Idaho hospitals would be required to "train their staff about the change in legal

obligations, distracting them from providing medical care to their patients, and would once again require them to airlift patients out of state should a medical emergency arise so that those patients can consider the full spectrum of medically indicated care, including termination of pregnancy." *Id.* St. Luke's therefore asks the Court to issue a temporary restraining order "to maintain the status quo until such time as the Court issues its decision on the pending Motion for Preliminary Injunction." *Id.*

The Court will grant the request. In preparation for the hearing scheduled for March 5, 2025, the Court has reviewed the briefing relative to all pending motions in this case, as well as all evidence submitted in support of the injunction motion. Based on those submissions (as well as the submissions filed in connection with motion for a temporary restraining order), the Court's assessment is that St. Luke's has satisfied the standard for injunctive relief. That is, St. Luke's has established that: (1) it is likely to succeed on the merits of its claims; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Winter v. NRDC*, 555 U.S. 7, 24 (2008). Injunctive relief is therefore appropriate.

St. Luke's also asks the Court to immediately grant its pending motion to consolidate this action with *United States v. Idaho*. The Court will hold off on resolving that motion, which may well become moot. In any event, however, if the

Court denies that motion, or if it becomes moot, the Court will allow St. Luke's to docket any relevant filings from *United States v. Idaho* in this case.

As for the bond requirement, notwithstanding its seemingly mandatory language, "Rule 65(c) invests the district court with discretion as to the amount of security required, if any." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation marks omitted). Based on the record before it, the Court waives the bond requirement as it finds that there is no realistic likelihood of harm to defendant from this restraining order.

Finally, the Court will note that it would typically order that the TRO terminate at the hearing on the motion for a preliminary injunction. Given the last-minute developments, here, however, and the short turn-around time, the Court has determined that the most efficient course of action is to proceed with the hearing tomorrow and to leave the TRO in place for a short period of time after the hearing, which will allow the Court time to fully consider the arguments offered at the hearing. For that reason, this TRO will remain in effect after the March 5, 2025 hearing date.

Accordingly,

**IT IS ORDERED THAT**:

(1) Plaintiff's Motion for a Temporary Restraining Order (Dkt. 31) is **GRANTED.**

(2) Defendant shall appear at tomorrow's scheduling hearing, on **March 5, 2025 at 3:00 p.m.,** to show cause as to why a preliminary injunction should not issue under Rule 65 of the Federal Rules of Civil Procedure. The Court will also hear argument on that date (as scheduled) on Defendant's Motion to Dismiss.

(3) Attorney General Raúl Labrador—and his officers, employees, and agents—are temporarily restrained from enforcing Idaho Code § 18-622(2)-(3) as applied to medical care required by the Emergency Medical Treatment and Labor Act (EMTALA), 42 U.S.C. § 1395dd. Specifically, the Attorney General, including his officers, employees, and agents, are prohibited from initiating any criminal prosecution against, attempting to suspend or revoke the professional license of, or seeking to impose any other form of liability on, any medical provider or hospital based on their performance of conduct that is defined as an "abortion" under Idaho Code § 18-604(1), but that is necessary to avoid: (i) "placing the health of" a pregnant patient "in serious jeopardy"; (ii) a "serious impairment to bodily functions" of the pregnant patient; or (iii) a "serious dysfunction of any bodily organ or part" of the pregnant patient, pursuant to 42 U.S.C. § 1395dd(e)(1)(A)(i)-(iii).

(4) This temporary restraining order is effective immediately and shall

remain in full force and effect until the Court issues a written decision on St. Luke's motion for a preliminary injunction. The Court anticipates issuing its written decision on the pending motion for a preliminary injunction within two weeks of the hearing date.

DATED: March 4, 2025

B. Lynn Winmill
U.S. District Court Judge