RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

BRIAN V. CHURCH, ISB #9391
Lead Deputy Attorney General
DAVID J. MYERS, ISB #6528
Deputy Attorney General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
brian.church@ag.idaho.gov
david.myers@ag.idaho.gov

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD., <br><br> *Plaintiff,* <br><br> *v.* <br><br> RAÚL LABRADOR, Attorney General of the State of Idaho, <br><br> *Defendant.* | Case No. 1:25-cv-00015-BLW <br><br> **MOTION TO MODIFY UNIVERSAL TEMPORARY RESTRAINING ORDER [DKT. 33]** |

## INTRODUCTION

Fifty-eight minutes after the Attorney General filed his response to St. Luke's motion for a temporary restraining order, and while the *United States v. Idaho* injunction was still effective—as it still is as of this filing—the Court entered a memorandum decision and order granting St. Luke's motion for a temporary restraining order. But instead of limiting the temporary restraining order to the party before the Court, as the Supreme Court has instructed it must, the Court granted "universal" relief to any medical provider or hospital. That was error. Clear error in fact. *See Labrador v. Poe ex rel. Poe*, 144 S. Ct. 921 (2024) (mem.). And the Court tailored the language in its order to be more burdensome than EMTALA arguably requires. This is another clear error. Given the clear errors in the Court's order, the Court should fix these issues immediately, and to the extent it wants to take briefing and hear argument from St. Luke's, such should be taken before and at tomorrow's hearing respectively.[1]

## LEGAL STANDARD

When it comes to an order granting preliminary injunctive relief, "a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory." *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005) (citation omitted) (discussing authority under Rule 54 and Rule 59); *see also* Fed. R. Civ. P. 54(b). Whether this motion to modify is treated as a motion under Rule 59 or as a motion under Rule 54(b) "both this Court and district courts throughout the Ninth Circuit are frequently guided

---

[1] In considering St. Luke's motion for a temporary restraining order, filed at approximately 11:04 a.m. on March 4, the Court at approximately 12:10 p.m. asked the Attorney General to file his response by 4:00 p.m. To accord at least equal treatment to St. Luke's, the Court should ask that St. Luke's file its response to this motion by 12 noon on March 5.

by substantially the same standards. . . ." *Mendez v. Ada County*, No. 1:21-cv-00447-BLW, 2023 WL 2333401, at *2 (D. Idaho Mar. 1, 2023) (citation omitted). Those standards ask "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted); *accord Mendez*, 2023 WL at 2333401, at *1 (citing *Allstate*).

The clear errors in this Court's universal temporary restraining order make it necessary to correct the order.[2]

## ARGUMENT

The Court's universal temporary restraining order provides, in relevant part:

> Attorney General Raúl Labrador—and his officers, employees, and agents—are temporarily restrained from enforcing Idaho Code § 18-622(2)-(3) as applied to medical care required by the Emergency Medical Treatment and Labor Act (EMTALA), 42 U.S.C. § 1395dd. Specifically, the Attorney General, including his officers, employees, and agents, are prohibited from initiating any criminal prosecution against, attempting to suspend or revoke the professional license of, or seeking to impose any other form of liability on, any medical provider or hospital based on their performance of conduct that is defined as an "abortion" under Idaho Code § 18-604(1), but that is necessary to avoid: (i) "placing the health of" a pregnant patient "in serious jeopardy"; (ii) a "serious impairment to bodily functions" of the pregnant patient; or (iii) a "serious dysfunction of any bodily organ or part" of the pregnant patient, pursuant to 42 U.S.C. § 1395dd(e)(1)(A)(i)-(iii).

Dkt. 33 at 4.

---

[2] The Attorney General, by submitting this motion, does not waive his arguments or defenses, and still contends that the Court should deny St. Luke's requested preliminary injunction and dismiss the case.

I.    **The Court's universal temporary restraining order must be corrected.**

The universal temporary restraining order exceeds the scope of the permissible relief. It purports to enjoin the Attorney General from enforcing Idaho Code § 18-622(2)-(3) against "any medical provider or hospital…." However, as the Supreme Court of the United States made clear in its partial stay of another universal injunctive relief order from this Court, that is something the Court may not do. *Labrador*, 144 S. Ct. at 921.[3]

As noted by other courts within this District, in *Labrador* "the Supreme Court advised that lower courts should tailor any emergency action to the parties who brought the suit and to the specifics of the challenged law." *Idaho Fed. of Teachers v. Labrador*, No. 1:23-cv-00353-DCN, 2024 WL 3276835, at *14 (D. Idaho July 2, 2024); *accord BlueRibbon Coalition v. Garland*, 737 F. Supp. 3d 1003, 1012 (D. Idaho 2024); *Sierra Club v. City of Boise*, No. 1:24-cv-00169-DCN, 2024 WL 2932994, at *2, *6 (D. Idaho April 29, 2024); *also accord MH v. Adams*, No. 1:22-cv-00409-REP, 2024 WL 3237006, at *8 (D. Idaho June 29, 2024) ("But, conscious of the Supreme Court's recent instruction pertaining to the scope of injunctive relief, the Court emphasizes that the temporary restraining order applies only to suspend HB 668's application with respect to Plaintiffs' gender-affirming care.").

The rationale for the Supreme Court's decision is set forth in Justice Gorsuch's concurring opinion. There he explained that "a federal court may not issue an equitable remedy 'more burdensome to the defendant than necessary to [redress]' the plaintiff's injuries." *Id.* at

---

[3] The *Labrador* decision followed from this Court's decision in *Poe ex rel. Poe v. Labrador*, 709 F. Supp. 3d 1169, 1200 (D. Idaho 2023), which broadly enjoined certain defendants "from enforcing any provision of House Bill 71 during the pendency of this litigation."

923 (Concurring Opinion of Gorsuch, Alito, and Thomas, JJ.) (alteration by the Supreme Court; quoting *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)). A universal injunction, such as the one issued here, "defie[s] these foundational principles" and "stray[s] from equity's traditional bounds." *Id.* Such an injunction improperly prohibits a state from effecting its duly enacted statutes and vitiates the public interest in prompt execution of this constitutional enactment. *Id.* (citations omitted). And that's why Justice Gorsuch asked that the district and circuit courts take notice of the Court's *Labrador* decision:

> Lower courts would be wise to take heed. Retiring the universal injunction may not be the answer to everything that ails us. But it will lead federal courts to become a little truer to the historic limits of their office; promote more carefully reasoned judicial decisions attuned to the facts, parties, and claims at hand; allow for the gradual accretion of thoughtful precedent at the circuit level; and reduce the pressure on governments to seek interlocutory relief in this Court. A return to a more piecemeal and deliberative judicial process may strike some as inefficient. It may promise less power for the judge and less drama and excitement for the parties and public. But if any of that makes today's decision wrong, it makes it wrong in the best possible ways, for "good judicial decisions are usually tempered by older virtues."

*Id.* at 927–28 (citation omitted).

The only plaintiff in this case is St. Luke's Health System, Ltd. Dkt. 1 ¶ 11. When pressed to tell the Court if St. Luke's was also asserting third-party standing of behalf of its medical providers, St. Luke's gave a clear "no." It told the Attorney General and the Court that it "does not purport to sue on behalf of its providers." Dkt. 27 at 2 n.3. Thus, the only plaintiff before the Court, and the only party to whom this Court could even appropriately grant relief, is St. Luke's. The Court's universal temporary restraining order is clearly erroneous in purporting to prohibit the Attorney General from enforcing Idaho Code § 18-622 against "any medical provider or hospital."

II.    **The Court's universal temporary restraining order is more burdensome than necessary.**

Another problem in the universal temporary restraining order is that it is more burdensome to the defendant than necessary to redress St. Luke's purported injuries. The universal temporary restraining order prohibits the Attorney General from enforcing Idaho Code § 18-622 where the hospital or medical provider conducted an abortion "that is *necessary to avoid:*" (1) placing the health of the pregnant woman in serious jeopardy; (2) a serious impairment to the bodily functions of the pregnant woman; and (3) a serious dysfunction of any bodily organ or part of the pregnant woman. Dkt. 33 at 4 (emphasis added; citing 42 U.S.C. § 1395dd(e)(1)(A)(i)–(iii)).

Allowing abortions to proceed that are "necessary to avoid" the listed issues is more burdensome than what EMTALA defines "to stabilize" to mean: "with respect to an emergency medical condition described in paragraph (1)(A), to provide such medical treatment of the condition as may be necessary to assure, within reasonable medical probability, that no material deterioration of the condition is likely to result from or occur during the transfer of the individual from a facility. . . ." 42 U.S.C. § 1395dd(e)(3)(A). The "necessary to avoid" standard used by the universal temporary restraining order is not the standard under EMTALA and is broader and more burdensome than EMTALA.

In addition, the universal temporary restraining order does not account for St. Luke's concessions, which were in line with the concessions of the United States' Solicitor General. *See* Dkt. 2-1 at 17–18.

**CONCLUSION**

The Court should correct its clear errors and modify its previously issued universal temporary restraining order to limit it to St. Luke's and to limit the relief to accord with the statutory definition of "to stabilize" and the concessions by St. Luke's.

DATED: March 4, 2025.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By: _/s/ Brian V. Church_
BRIAN V. CHURCH
Lead Deputy Attorney General

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Wendy J. Olson
wendy.olson@stoel.com

Alaina Harrington
alaina.harrington@stoel.com

Lindsay C. Harrison
lharrison@jenner.com

Jessica Ring Amunson
jamunson@jenner.com

Sophia W. Montgomery
smontgomery@jenner.com

Ruby C. Giaquinto
rgiaquinto@jenner.com

*Attorneys for Plaintiff St. Luke's Health System*

Stephen L. Adams
sadams@gfidaholaw.com

Chad Golder
cgolder@aha.org

*Attorneys for Proposed Amici American Hospital Association, America's Essential Hospitals, and the American Association of Medical Colleges*

  /s/ *Brian V. Church*
Brian V. Church