RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

BRIAN V. CHURCH, ISB #9391
Lead Deputy Attorney General
DAVID J. MYERS, ISB #6528
Deputy Attorney General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
brian.church@ag.idaho.gov
david.myers@ag.idaho.gov

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD., <br><br> *Plaintiff,* <br><br> v. <br><br> RAÚL LABRADOR, Attorney General of the State of Idaho, <br><br> *Defendant.* | Case No. 1:25-cv-00015-BLW <br><br> **DEFENDANT RAÚL LABRADOR'S ANSWER TO COMPLAINT** |

## INTRODUCTION

Defendant Raúl Labrador, sued in his official capacity as the Attorney General of the State of Idaho, answers and responds to St. Luke's complaint as follows.

## GENERAL RESPONSE

Unless otherwise admitted, the Attorney General denies each allegation within the complaint.

## SPECIFIC RESPONSES

## PRELIMINARY STATEMENT[1]

1.  In response to Paragraph 1, the Attorney General notes that this paragraph contains St. Luke's characterization of its lawsuit; the Attorney General denies that St. Luke's is entitled to relief. This paragraph contains St. Luke's characterization of EMTALA, 42 U.S.C. § 1395dd, but to the extent St. Luke's mischaracterizes EMTALA such characterization is denied. This paragraph is otherwise denied.

2.  In response to Paragraph 2, the Attorney General notes that this paragraph contains St. Luke's characterization of its lawsuit; the Attorney General denies that St. Luke's is entitled to relief. This paragraph contains St. Luke's characterization of EMTALA, 42 U.S.C. § 1395dd, but to the extent St. Luke's mischaracterizes EMTALA such characterization is denied. The Attorney General further notes that EMTALA leaves the regulation of the practice of medicine to the states and under Idaho law abortion is only permitted in the circumstances outlined in Idaho Code § 18-622; he thus denies that abortion outside of the circumstances

---

[1] While the Attorney General is using St. Luke's Complaint's headings for ease of reference, this use should not be construed as an admission of any allegations in the headings.

DEFENDANT RAÚL LABRADOR'S ANSWER TO COMPLAINT — 1

provided by Idaho law could be stabilizing treatment under EMTALA. This paragraph is otherwise denied.

3. In response to Paragraph 3, the Attorney General notes that this paragraph contains St. Luke's characterization of its lawsuit; the Attorney General denies that St. Luke's is entitled to relief. This paragraph contains St. Luke's characterization of EMTALA, 42 U.S.C. § 1395dd, but to the extent St. Luke's mischaracterizes EMTALA such characterization is denied. This paragraph also contains St. Luke's characterization of Idaho Code § 18-622, but to the extent St. Luke's mischaracterizes Idaho Code § 18-622 such characterization is denied. The Attorney General further notes that EMTALA leaves the regulation of the practice of medicine to the states and under Idaho law abortion is only permitted in the circumstances outlined in Idaho Code § 18-622; he thus denies that abortion outside of the circumstances provided by Idaho law could be stabilizing treatment under EMTALA. This paragraph is otherwise denied.

4. In response to Paragraph 4, the Attorney General notes that this paragraph contains St. Luke's characterization of its lawsuit; the Attorney General denies that St. Luke's is entitled to relief. This paragraph contains St. Luke's characterization of Idaho Code § 18-622, but to the extent St. Luke's mischaracterizes Idaho Code § 18-622 such characterization is denied. The Attorney General further notes that EMTALA leaves the regulation of the practice of medicine to the states and under Idaho law abortion is only permitted in the circumstances outlined in Idaho Code § 18-622; he thus denies that abortion outside of the circumstances provided by Idaho law could be stabilizing treatment under EMTALA. This paragraph is otherwise denied.

Footnote 1 is linked to Paragraph 4. In response, the Attorney General notes that this footnote contains St. Luke's characterization of its lawsuit; the Attorney General denies that St. Luke's is entitled to relief. This footnote contains St. Luke's characterization of Idaho Code § 18-622, but to the extent St. Luke's mischaracterizes Idaho Code § 18-622 such characterization is denied. This footnote is otherwise denied.

5.  In response to Paragraph 5, the Attorney General notes that this paragraph contains St. Luke's characterization of its lawsuit; the Attorney General denies that St. Luke's is entitled to relief. This paragraph contains St. Luke's characterization of EMTALA, 42 U.S.C. § 1395dd, but to the extent St. Luke's mischaracterizes EMTALA, such characterization is denied. This paragraph also discusses Idaho Code § 18-622, but to the extent St. Luke's mischaracterizes Idaho Code § 18-622 such characterization is denied. The Attorney General acknowledges that the district court in *United States v. Idaho* preliminarily enjoined enforcement of certain provisions of Idaho Code § 18-622 and that the injunction was stayed once by the Ninth Circuit and once by the Supreme Court. The Attorney General further notes that EMTALA leaves the regulation of the practice of medicine to the states and under Idaho law abortion is only permitted in the circumstances outlined in Idaho Code § 18-622; he thus denies that abortion outside of the circumstances provided by Idaho law could be stabilizing treatment under EMTALA. This paragraph is otherwise denied.

6.  In response to Paragraph 6, the Attorney General denies.

7.  In response to Paragraph 7, the Attorney General notes that this paragraph contains St. Luke's characterization of its lawsuit; the Attorney General denies that St. Luke's is entitled to relief. This paragraph contains St. Luke's characterization of EMTALA, 42 U.S.C.

§ 1395dd, but to the extent St. Luke's mischaracterizes EMTALA such characterization is denied. This paragraph also contains St. Luke's characterization of Idaho Code § 18-622, but to the extent St. Luke's mischaracterizes Idaho Code § 18-622 such characterization is denied. The Attorney General acknowledges that the district court in *United States v. Idaho* preliminarily enjoined enforcement of certain provisions of Idaho Code § 18-622, but that such injunction was vacated upon the stipulated dismissal of that case. This paragraph is otherwise denied.

## JURISDICTION AND VENUE

8.  In response to Paragraph 8, the Attorney General denies the Court has jurisdiction over this suit.

9.  In response to Paragraph 9, without waving the jurisdictional challenge, the Attorney General admits.

10. In response to Paragraph 10, without waving the jurisdictional challenge, the Attorney General admits.

## PARTIES

11. In response to Paragraph 11, the Attorney General admits that St. Luke's Health System, Ltd., is an Idaho non-profit corporation, which operates medical facilities in Idaho. The Attorney General lacks knowledge or information sufficient to form a belief about the truth regarding the remaining averments. This paragraph is otherwise denied.

Footnote 2 is linked to Paragraph 11. This footnote appears only to contain a citation without a factual averment. The Attorney General lacks knowledge or information sufficient to form a belief about the truth regarding the footnote. This footnote is otherwise denied.

12. In response to Paragraph 12, the Attorney General lacks knowledge or information sufficient to form a belief about the truth regarding the averments. This paragraph is otherwise denied.

13. In response to Paragraph 13, the Attorney General admits that if St. Luke's participates in Medicare, it is required to comply with EMTALA. The Attorney General denies that there is a conflict between Idaho Code § 18-622 and EMTALA. The Attorney General notes that this paragraph contains St. Luke's characterization of its lawsuit; the Attorney General denies that St. Luke's is entitled to relief. This paragraph contains St. Luke's characterization of EMTALA, 42 U.S.C. § 1395dd, but to the extent St. Luke's mischaracterizes EMTALA such characterization is denied. This paragraph also contains St. Luke's characterization of Idaho Code § 18-622, but to the extent St. Luke's mischaracterizes Idaho Code § 18-622 such characterization is denied. The Attorney General further notes that EMTALA leaves the regulation of the practice of medicine to the states and under Idaho law abortion is only permitted in the circumstances outlined in Idaho Code § 18-622; he thus denies that abortion outside of the circumstances provided by Idaho law could be stabilizing treatment under EMTALA. This paragraph is otherwise denied.

14. In response to Paragraph 14, the Attorney General denies that he is a proper defendant. The Attorney General admits he has been elected as and is the Attorney General of the State Idaho. The Attorney General acknowledges that St. Luke's characterizes two Ninth Circuit decisions. To the extent St. Luke's mischaracterizes those decisions, such characterization is denied. This paragraph is otherwise denied.

Linked to this paragraph is footnote 3. In response to footnote 3, the Attorney General notes that this footnote contains St. Luke's characterization of its lawsuit; the Attorney General denies that St. Luke's is entitled to relief. St. Luke's also characterizes certain actions of certain state boards, but to the extent St. Luke's mischaracterizes such conduct, such characterization is denied. This footnote is otherwise denied.

15. In response to Paragraph 15, the Attorney General notes that his Labrador Letter, issued July 1, 2024, speaks for itself. The Attorney General acknowledges that St. Luke's characterizes a Ninth Circuit decision. To the extent St. Luke's mischaracterizes the decision, such characterization is denied. The Attorney General does not agree he is a proper defendant. This paragraph is otherwise denied.

Linked to this paragraph is footnote 4. Footnote 4 cites the July 1, 2024 Labrador Letter without any factual averment. The Labrador Letter issued July 1, 2024, speaks for itself. No response is required. This paragraph is otherwise denied.

## SUPREMACY OF FEDERAL LAW

**I. The Supremacy Clause and Preemption**

16. In response to Paragraph 16, the Attorney General notes that this paragraph characterizes a provision of the U.S. Constitution. To the extent St. Luke's mischaracterizes the constitutional provision such characterization is denied. This paragraph is otherwise denied.

17. In response to Paragraph 17, the Attorney General notes that this paragraph characterizes cases from the Supreme Court. To the extent St. Luke's mischaracterizes the cases such characterization is denied. This paragraph is otherwise denied.

## II. The Emergency Medical Treatment and Labor Act (EMTALA)

18.     In response to Paragraph 18, the Attorney General notes that this paragraph characterizes Medicare. To the extent St. Luke's mischaracterizes Medicare such characterization is denied. This paragraph is otherwise denied.

19.     In response to Paragraph 19, the Attorney General notes that this paragraph contains St. Luke's characterization of Medicare. To the extent St. Luke's mischaracterizes Medicare such characterization is denied. This paragraph also contains St. Luke's characterization of EMTALA, 42 U.S.C. § 1395dd, but to the extent St. Luke's mischaracterizes EMTALA such characterization is denied. This paragraph is otherwise denied.

20.     In response to Paragraph 20, the Attorney General notes that this paragraph contains St. Luke's characterization of EMTALA, 42 U.S.C. § 1395dd, but to the extent St. Luke's mischaracterizes EMTALA such characterization is denied. This paragraph is otherwise denied.

21.     In response to Paragraph 21, the Attorney General notes that this paragraph contains St. Luke's characterization of EMTALA, 42 U.S.C. § 1395dd, but to the extent St. Luke's mischaracterizes EMTALA such characterization is denied. This paragraph is otherwise denied.

22.     In response to Paragraph 22, the Attorney General notes that this paragraph contains St. Luke's characterization of EMTALA, 42 U.S.C. § 1395dd, and its implementing regulations, but to the extent St. Luke's mischaracterizes EMTALA or its implementing regulations such characterization is denied. This paragraph is otherwise denied.

23.     In response to Paragraph 23, the Attorney General notes that this paragraph contains St. Luke's characterization of EMTALA, 42 U.S.C. § 1395dd, but to the extent St. Luke's mischaracterizes EMTALA such characterization is denied. This paragraph is otherwise denied.

24.     In response to Paragraph 24, the Attorney General notes that this paragraph contains St. Luke's characterization of EMTALA, 42 U.S.C. § 1395dd, and its implementing regulations, but to the extent St. Luke's mischaracterizes EMTALA or its implementing regulations such characterization is denied. This paragraph is otherwise denied.

25.     In response to Paragraph 25, the Attorney General notes that this paragraph contains St. Luke's characterization of EMTALA, 42 U.S.C. § 1395dd, but to the extent St. Luke's mischaracterizes EMTALA such characterization is denied. This paragraph is otherwise denied.

26.     In response to Paragraph 26, the Attorney General notes that this paragraph contains St. Luke's characterization of EMTALA, 42 U.S.C. § 1395dd, but to the extent St. Luke's mischaracterizes EMTALA such characterization is denied. This paragraph is otherwise denied.

27.     In response to Paragraph 27, the Attorney General notes that this paragraph contains St. Luke's characterization of EMTALA, 42 U.S.C. § 1395dd, but to the extent St. Luke's mischaracterizes EMTALA such characterization is denied. The Attorney General denies that EMTALA incorporates or relies upon "the treating physician's professional medical judgment." The Attorney General further notes that EMTALA leaves the regulation of the practice of medicine to the states and under Idaho law abortion is only permitted in the

circumstances outlined in Idaho Code § 18-622; he thus denies that abortion outside of the circumstances provided by Idaho law could be stabilizing treatment under EMTALA. This paragraph is otherwise denied.

28. In response to Paragraph 28, the Attorney General denies.

Linked to this paragraph is footnote 5. Footnote 5 cites documents attributed to the federal government without any further factual averment. No response is required. The Attorney General notes that the documents cited as pertaining to CMS are no longer listed in the official listing of "Policy & Memos to States and CMS Locations" available at the following website: https://www.cms.gov/medicare/health-safety-standards/quality-safety-oversight-general-information/policy-memos/policy-memos-states-and-cms-locations. Additionally, the HHS information is now in an archive. This paragraph is otherwise denied.

29. In response to Paragraph 29, the Attorney General notes that this paragraph contains St. Luke's characterization of EMTALA, 42 U.S.C. § 1395dd, but to the extent St. Luke's mischaracterizes EMTALA such characterization is denied. This paragraph is otherwise denied.

### IDAHO'S ABORTION LAW

30. In response to Paragraph 30, the Attorney General admits only that Idaho Code § 18-622 was originally enacted in 2020 and that it, as originally enacted, was to take effect 30 days after the issuance of the judgment in *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022). This paragraph is otherwise denied.

31. In response to Paragraph 31, the Attorney General notes that this paragraph contains St. Luke's characterization of the lawsuit in *United States v. Idaho*. To the extent St.

Luke's mischaracterizes any aspect of the *United States v. Idaho* lawsuit such characterization is denied. This paragraph is otherwise denied.

32.     In response to Paragraph 32, the Attorney General notes that this paragraph contains St. Luke's characterization of Idaho Code § 18-622. To the extent St. Luke's mischaracterizes Idaho Code § 18-622 such characterization is denied. This paragraph is otherwise denied.

33.     In response to Paragraph 33, the Attorney General notes that this paragraph contains St. Luke's characterization of Idaho Code § 18-622. To the extent St. Luke's mischaracterizes Idaho Code § 18-622 such characterization is denied. This paragraph is otherwise denied.

34.     In response to Paragraph 34, the Attorney General notes that this paragraph contains St. Luke's characterization of Idaho Code § 18-604. To the extent St. Luke's mischaracterizes Idaho Code § 18-604 such characterization is denied. This paragraph is otherwise denied.

35.     In response to Paragraph 35, the Attorney General notes that this paragraph contains St. Luke's characterization of Idaho Code § 18-622. To the extent St. Luke's mischaracterizes Idaho Code § 18-622 such characterization is denied. This paragraph is otherwise denied.

36.     In response to Paragraph 36, the Attorney General notes that this paragraph contains St. Luke's characterization of Idaho Code § 18-622. To the extent St. Luke's mischaracterizes Idaho Code § 18-622 such characterization is denied. St. Luke's also characterizes statements from the Idaho Supreme Court and in the *Moyle v. United States* argument; to the

extent St. Luke's mischaracterizes such statements such characterization is denied. The Attorney General further notes that EMTALA leaves the regulation of the practice of medicine to the states and under Idaho law abortion is only permitted in the circumstances outlined in Idaho Code § 18-622; he thus denies that abortion outside of the circumstances provided by Idaho law could be stabilizing treatment under EMTALA. This paragraph is otherwise denied.

37. In response to Paragraph 37, the Attorney General notes that this paragraph contains St. Luke's characterization of Idaho Code § 18-622. To the extent St. Luke's mischaracterizes Idaho Code § 18-622 such characterization is denied. This paragraph is otherwise denied.

### IDAHO'S ABORTION LAW CONFLICTS WITH EMTALA

38. In response to Paragraph 38, the Attorney General lacks knowledge or facts sufficient to form a belief about the truth of the averments. This paragraph is otherwise denied.

39. In response to Paragraph 39, the Attorney General denies.

40. In response to Paragraph 40, the Attorney General denies.

41. In response to Paragraph 41, the Attorney General denies.

### IDAHO'S ABORTION LAW CAUSES INJURY TO ST. LUKE'S, PUBLIC HEALTH, AND FEDERAL INTERESTS

42. In response to Paragraph 42, the Attorney General admits only that Idaho Code § 18-622 was originally enacted in 2020 and that it, as originally enacted, was to take effect 30 days after the issuance of the judgment in *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022). The law is subject to a preliminary injunction issued in this case. This paragraph is otherwise denied.

43. In response to Paragraph 43, the Attorney General notes that the first sentence characterizes a news release attributed to the Governor of Idaho. To the extent St. Luke's mischaracterizes the news release such characterization is denied. The second sentence characterizes a Labrador Letter. Such letter speaks for itself. To the extent St. Luke's mischaracterizes the Labrador Letter such characterization is denied. This paragraph is otherwise denied.

Linked to this paragraph are footnotes 6 and 7. Footnote 6 cites a news release attributed to the Governor of Idaho without any further factual averment. That document speaks for itself. Footnote 7 cites the July 1, 2024 Labrador Letter without any factual averment. The Labrador Letter issued July 1, 2024, speaks for itself. No response is required. This paragraph is otherwise denied.

44. In response to Paragraph 44, the Attorney General denies.

45. In response to Paragraph 45, the Attorney General denies.

## I. Idaho's Abortion Law Sharply Curtails the Ability of St. Luke's to Properly Care for Patients and thus Threatens Severe Public Health Consequences.

46. In response to Paragraph 46, the Attorney General denies.

47. In response to Paragraph 47, the Attorney General denies.

48. In response to Paragraph 48, the Attorney General denies.

49. In response to Paragraph 49, the Attorney General denies.

50. In response to Paragraph 50, the Attorney General denies.

51. In response to Paragraph 51, the Attorney General lacks knowledge or information sufficient to form a belief about the purported airlifts and the remaining averments in this paragraph. This paragraph is otherwise denied.

52. In response to Paragraph 52, the Attorney General lacks knowledge or information sufficient to form a belief about the purported airlifts and the remaining averments in this paragraph. This paragraph is otherwise denied.

53. In response to Paragraph 53, the Attorney General lacks knowledge or information sufficient to form a belief about the purported airlifts and the remaining averments in this paragraph. This paragraph is otherwise denied.

54. In response to Paragraph 54, the Attorney General lacks knowledge or information sufficient to form a belief about the purported airlifts and the remaining averments in this paragraph. This paragraph is otherwise denied.

## II. Idaho's Law Interferes with EMTALA Obligations under the Federal Medicare Program.

55. In response to Paragraph 55, the Attorney General denies.

56. In response to Paragraph 56, the Attorney General denies.

57. In response to Paragraph 57, the Attorney General lacks information or knowledge sufficient to form a belief about the truth of the averments. This paragraph is otherwise denied.

58. In response to Paragraph 58, the Attorney General denies.

59. In response to Paragraph 59, the Attorney General denies.

Footnote 8 is linked to Paragraph 59. This footnote appears only to contain a citation without a factual averment. The Attorney General lacks knowledge or information sufficient to form a belief about the truth regarding the footnote. This footnote is otherwise denied.

60. In response to Paragraph 60, the Attorney General lacks knowledge regarding the number of hospitals with signed Medicare agreements and with emergency departments.

The Attorney General denies that Idaho Code § 18-622 conflicts with EMTALA. The Attorney General further notes that EMTALA leaves the regulation of the practice of medicine to the states and under Idaho law abortion is only permitted in the circumstances outlined in Idaho Code § 18-622; he thus denies that abortion outside of the circumstances provided by Idaho law could be stabilizing treatment under EMTALA. This paragraph is otherwise denied.

61. In response to Paragraph 61, the Attorney General denies.

62. In response to Paragraph 62, the Attorney General denies.

## CLAIMS FOR RELIEF

### COUNT I: EQUITABLE RELIEF.

63. In response to Paragraph 63, the Attorney General incorporates his responses to Paragraphs 1 through 62. This paragraph is otherwise denied.

64. In response to Paragraph 64, the Attorney General notes that this paragraph contains St. Luke's characterization of a Supreme Court case; to the extent St. Luke's mischaracterizes the Supreme Court case such characterization is denied. This paragraph is otherwise denied.

65. In response to Paragraph 65, the Attorney General notes that this paragraph contains St. Luke's characterization of a provision of the U.S. Constitution. To the extent St. Luke's mischaracterizes the constitutional provision such characterization is denied. This paragraph is otherwise denied.

66. In response to Paragraph 66, the Attorney General denies.

67. In response to Paragraph 67, the Attorney General denies.

68. In response to Paragraph 68, the Attorney General denies.

## COUNT II: DECLARATORY RELIEF.

69. In response to Paragraph 69, the Attorney General incorporates his responses to Paragraphs 1 through 68. This paragraph is otherwise denied.

70. In response to Paragraph 70, the Attorney General denies.

71. In response to Paragraph 71, the Attorney General notes that this paragraph contains St. Luke's characterization of a statute within the U.S. Code. To the extent St. Luke's mischaracterizes the statute such characterization is denied. This paragraph is otherwise denied.

72. In response to Paragraph 72, the Attorney General denies.

## RESPONSE TO PRAYER FOR RELIEF

The Attorney General denies that St. Luke's is entitled to any relief.

The Attorney General requests that the Court enter judgment in his favor and award him all available relief that the Court believes proper, including costs.

## AFFIRMATIVE AND OTHER DEFENSES

Based on the facts asserted in the complaint and in this answer, the Attorney General raises the following defenses and affirmative defenses without assuming any burden of proof as to any of these defenses except as imposed by law:

1. The Court lacks subject matter jurisdiction.

2. St Luke's lacks standing.

3. The Attorney General is immune from suit.

4. St. Luke's has failed to state a claim upon which relief may be granted.

5. St. Luke's misinterpretation of Idaho law has caused its own harms.

6. St. Luke's claims are barred by sovereign immunity and/or the Eleventh Amendment.

7. St. Luke's claims must be dismissed for failure to join necessary parties under Rule 19.

The Attorney General reserves the right to request leave to amend his Answer to assert other defenses as discovery in this case proceeds.

DATED: April 3, 2025.

        STATE OF IDAHO
        OFFICE OF THE ATTORNEY GENERAL

        By: /s/ Brian V. Church
        BRIAN V. CHURCH
        Lead Deputy Attorney General

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 3, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Wendy J. Olson<br>wendy.olson@stoel.com | Stephen L. Adams<br>sadams@gfidaholaw.com |
| Alaina Harrington<br>alaina.harrington@stoel.com | Chad Golder<br>cgolder@aha.org |
| Lindsay C. Harrison*<br>lharrison@jenner.com | *Attorneys for Proposed Amici American Hospital Association, America's Essential Hospitals, and the American Association of Medical Colleges* |
| Jessica Ring Amunson*<br>jamunson@jenner.com | |
| Sophia W. Montgomery*<br>smontgomery@jenner.com | |
| Ruby C. Giaquinto*<br>rgiaquinto@jenner.com | |
| *Attorneys for Plaintiff St. Luke's Health System* | *admitted pro hac vice |

                                         /s/ *Brian V. Church*
                                         Brian V. Church