WENDY J. OLSON, Bar No. 7634
wendy.olson@stoel.com
ALAINA HARRINGTON, Bar No. 11879
alaina.harrington@stoel.com
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000

LINDSAY C. HARRISON (*admitted pro hac vice*)
lharrison@jenner.com
JESSICA RING AMUNSON (*admitted pro hac vice*)
jamunson@jenner.com
SOPHIA W. MONTGOMERY (*admitted pro hac vice*)
smontgomery@jenner.com
RUBY C. GIAQUINTO (*admitted pro hac vice*)
rgiaquinto@jenner.com
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, D.C. 20001
Telephone:  202.639.6000

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD., <br><br> Plaintiff, <br><br> v. <br><br> RAÚL LABRADOR, Attorney General of the State of Idaho, <br><br> Defendant. | Case No. 1:25-cv-00015-BLW <br><br> **ST. LUKE'S HEALTH SYSTEM, LTD.'S MEMORANDUM REGARDING DEFENDANT'S PRIVILEGE LOG** |

The parties have submitted competing proposals in their discovery plans concerning the scope of communications exempt from their privilege logs. *Compare* St. Luke's Proposed Discovery Plan (Dkt. 54), *with* Attorney General's Proposed Discovery Plan (Dkt. 57). St. Luke's submits this memorandum in support of its position.

ST. LUKE'S HEALTH SYSTEM, LTD.'S MEMORANDUM REGARDING DEFENDANT'S PRIVILEGE LOG - 1
128930679.1 0048059-00016

Under the standard rule, a privilege log is always required, no matter how burdensome. Federal Rule of Civil Procedure 26(b)(5) requires a party asserting a privilege to (i) expressly make such a claim, and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed in a manner that will enable other parties to assess the claim. F.R.C.P. 26(b)(5)(ii). In the District of Idaho, parties submitting a joint discovery plan may consent to a deviation from this rule by agreeing that "[c]ommunications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log." *See, e.g.*, St. Luke's Proposed Discovery Plan (Dkt. 54). This is an exception to Rule 26(b)(5) and is rooted in the premise that once litigation begins, communications between trial counsel and her client are plainly for the purpose of seeking and providing legal advice, rendering the privilege log requirement unnecessary.

Here, the Attorney General seeks to force St. Luke's to forgo a privilege log for a period of nearly 2.5 years during which he was not even a party to the relevant litigation. He asks this Court to excuse him from identifying privileged communications between himself and trial counsel in this case because of the existence of a prior case involving a different defendant—the state itself—in *United States v. Idaho*, No. 1:22-cv-00329-BLW (D. Idaho). The Attorney General asserts that requiring him to identify these communications on a privilege log would be unduly burdensome. But his argument ignores that providing a privilege log in compliance with Rule 26(b)(5) is the *rule*, not the exception, and that communications between him and trial counsel during that period may well not be privileged, both because the Attorney General was not a defendant and because the communications may have related to matters of policy, politics, or other topics entirely unrelated to legal advice. St. Luke's, at a minimum, should receive sufficient information to evaluate any privilege assertion—*i.e.*, a privilege log.

The attorney-client privilege "protects confidential disclosures made by a client to an attorney in order to obtain legal advice, . . . as well as an attorney's advice in response." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009). The privilege, however, is strictly construed. *Id.* The party asserting the privilege bears the burden of proving that the withheld information is indeed privileged. *Id.* at 607–08.

The scope of the exception that the Attorney General seeks would significantly impair St. Luke's' ability to evaluate the assertion of privilege for communications that predate this litigation. St. Luke's filed its complaint on January 15, 2025—nearly 2.5 years after the United States filed its complaint in separate litigation on August 2, 2022. Although St. Luke's and the United States raised the same underlying legal claim,[1] St. Luke's was not a party to the initial litigation, and thus did not—and could not—agree to forgo a privilege log after the United States' complaint was filed. The defendant also is not the same in this case as in the prior case. St. Luke's brings its lawsuit specifically against the Idaho Attorney General, because, as Attorney General, Mr. Labrador has the authority to enforce Idaho criminal statutes, including Idaho Code § 18-622. *Planned Parenthood Great Nw., Haw., Alaska, Ind., Ky. v. Labrador*, 122 F. 4th 825, 842–43 (9th Cir. 2024). Thus, trial counsel's communications with the Attorney General during the earlier case is subject to a complicated privilege analysis. St. Luke's should be able to evaluate the privileged nature of the communications that predate this case.

Moreover, trial counsel likely communicated with other, non-state defendants in *United States v. Idaho*, communications subject to their own complicated privilege analysis. Specifically, the state legislature and its leadership intervened in *United States v. Idaho*, and were represented

---

[1] Both actions assert that to the extent Idaho's Total Abortion Ban, Idaho Code § 18-622, conflicts with EMTALA, EMTALA preempts the Idaho statute. *Compare* Complaint (Dkt. 1) ¶ 6, *with United States v. Idaho*, 623 F. Supp. 3d 1096, 1105 (D. Idaho 2022).

ST. LUKE'S HEALTH SYSTEM, LTD.'S MEMORANDUM REGARDING DEFENDANT'S PRIVILEGE LOG - 3

128930679.1 0048059-00016

by separate counsel, but have not intervened here. The common interest doctrine may or may not protect communications among the defendants in the earlier litigation. The common interest doctrine applies if "(1) the communication is made by separate parties in the course of a matter of common interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived." *Perez v. Clearwater Paper Corp.*, No. 3:13-CV-00461-BLW, 2015 WL 685331, at *2 (D. Idaho Feb. 17, 2015). However, the Ninth Circuit has interpreted the common interest doctrine narrowly. In the Ninth Circuit, a "shared desire to see the same outcome in a legal matter is insufficient to bring a communication between two parties" within the common interest doctrine. *In re Pac. Pictures Corp.*, 679 F.3d at 1129. Rather, "the parties must make the communication in pursuit of a joint strategy in accordance with some form of agreement—whether written or unwritten." *Id.*

If communications between the State and intervenors in the earlier case are relevant and responsive to St. Luke's yet-to-be-made discovery requests, St. Luke's should have the opportunity to evaluate whether the privilege applies to those communications. Absent a privilege log that identifies those communications in the first instance, St. Luke's is deprived of its ability to do so.

St. Luke's agrees that the parties' privilege logs need not include communications between the parties and their counsel that post-date St. Luke's initiation of this action. But the Attorney General's counsel should not be relieved unilaterally from complying with Rule 26(b)(5) for a nearly 2.5-year period when St. Luke's was not party to litigation against it. That runs counter to the default rule, and it should not be allowed without St. Luke's' consent.

DATED: May 14, 2025                     STOEL RIVES LLP


                                        /s/ Wendy J. Olson
                                        Wendy J. Olson
                                        Alaina Harrington


                                        JENNER & BLOCK LLP


                                        /s/ Lindsay C. Harrison
                                        Lindsay C. Harrison
                                        Jessica Ring Amunson
                                        Sophia W. Montgomery
                                        Ruby C. Giaquinto

                                        *Attorneys for Plaintiff*

ST. LUKE'S HEALTH SYSTEM, LTD.'S MEMORANDUM REGARDING DEFENDANT'S PRIVILEGE LOG - 5
128930679.1 0048059-00016

# CERTIFICATE OF SERVICE

    I hereby certify that on May 14, 2025, I served a full, true, and correct copy of the foregoing **St. Luke's Health System, Ltd.'s Memorandum Regarding Defendant's Privilege Log** on the parties hereto in the manner set forth below:

| | |
|---|---|
| Brian V Church<br>Office of the Attorney General, Civil Litigation Division<br>954 W. Jefferson St., 2nd Floor<br>P.O. Box 83720<br>Boise, ID 83702-0010 | [ ] Via U.S. Mail<br>[ ] Via Facsimile<br>[ ] Via Overnight Mail<br>[ ] Via Hand Delivery<br>[X] Via Email<br>    *brian.church@ag.idaho.gov* |
| David J Myers<br>Office of the Attorney General<br>P.O. Box 83720<br>Boise, ID 83720-0010 | [ ] Via U.S. Mail<br>[ ] Via Facsimile<br>[ ] Via Overnight Mail<br>[ ] Via Hand Delivery<br>[X] Via Email<br>    *david.myers@ag.idaho.gov* |

                                         /s/ Wendy J. Olson<br>
                                         Wendy J. Olson