Raúl R. Labrador
Attorney General

James E. M. Craig, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

Brian V. Church, ISB #9391
Lead Deputy Attorney General
David J. Myers, ISB #6528
Deputy Attorney General
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
brian.church@ag.idaho.gov
david.myers@ag.idaho.gov

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> RAÚL LABRADOR, Attorney General of the State of Idaho, <br><br> *Defendant*, | Case No. 1:25-cv-00015-BLW <br><br> **DEFENDANT'S SUPPLEMENTAL BRIEF CONCERNING NECESSITY OF PRIVILEGE LOG** |

**INTRODUCTION**

Courts routinely hold that, even in the absence of a stipulation or discovery plan, a privilege log is not required for attorney client or work product documents connected to litigation. This includes documents created after the filing of a complaint, those documents in serial or related litigation, and will even include pre-filing documents that are directly connected to the litigation. There are two clear rationales for this practice. First, because such documents are presumptively privileged, there is essentially no justification for the burden of itemizing such documents on a log, and courts have gone so far as to say such itemization is "a pointless waste of time." *Mon Cheri Bridals, LLC v. Cloudflare, Inc.*, No. 19-cv-01356-VC (TSH), 2021 WL 1222492, at *3 (N.D. Cal. Apr. 1, 2021). Second, a rule requiring itemization risks chilling the attorney client relationship by driving up the future burden of those communications and increasing the likelihood of challenge by disclosing their existence.

Here, St. Luke's is essentially trying to continue the litigation instigated by *United States v. Idaho* but asks this Court to require itemization of documents to which an *obvious* presumption of attorney client or work product protection applies: documents created in the course of *that* litigation. This violates both rationales for the general rule against requiring a privilege log. First, the presumption that communications among lawyers and clients concerning litigation are privileged should apply no less in the *United States* litigation as in any other. That presumption does not vanish with the filing of a new complaint. Second, St. Luke's position threatens to chill attorney client communications by discouraging them altogether: as long as the potential exists that such communications will *eventually* need to be logged, this counsels against creating them ab initio. Neither result counsels in favor of St. Luke's position.

**ARGUMENT**

Here, two reasons counsel in favor of maintaining the general rule against logging post-litigation communications in *United States v. Idaho.*

## I. Overwhelming presumption of privilege results in a purposeless burden.

Even in the absence of the stipulation in the District of Idaho Model Protective Order, "[c]ourts in this circuit routinely deny a motion to compel a privilege log of attorney-client communications or work product dated after commencement of litigation." *In re Snap Inc. Sec. Litig.*, No. CV 17-03679-SVW (AGRx), 2018 WL 7501294, at *1 (C.D. Cal. Nov. 29, 2018); *see also Netbula, LLC v. Chordiant Software, Inc.*, No. C08–00019 JW (HRL), 2009 WL 3919495, at *3 (N.D. Cal. Nov. 18, 2009); *Kellgren v. Petco Animal Supplies, Inc.*, No.: 13-cv-644 L (KSC), 2016 WL 4097522, at *6 (S.D. Cal. July 7, 2016). Indeed, "Courts in this circuit have held that 'correspondence generated *prior to the filing* of [an] action, but in direct connection with preparation for the litigation need not be logged.'" *Mon Cheri Bridals*, 2021 WL 1222492, at *3 (quoting *iSmart Intern. Ltd. v. I-DocSecure, LLC*, No. C 04-03114 RMW (RS), 2006 WL 2263910, at *3 (N.D. Cal. Aug. 8, 2006) (emphasis added)). That is because all such communications are "presumptively privileged." *Id.* (quoting *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, No. C 06-3219 JW (RS), 2009 WL 5114077, at *3 (N.D. Cal. Dec. 18, 2009)). Indeed, whether created before or after a complaint is filed, such communications that directly concern litigation "are so overwhelmingly likely to be privileged and work product that requiring Plaintiffs to log them all is a pointless waste of time." *Id.*

Courts have applied this presumption even when overlapping litigation results in preparation for multiple lawsuits—setting the relevant date back to the filing of the first in a

series of related cases. *Capitol Records, Inc. v. MP3tunes, LLC*, 261 F.R.D. 44, 51 (S.D.N.Y. 2009). This same presumption should apply here. St. Luke's seeks logging of documents that were generated in prior *litigation* with *counsel*. In a word: why? The documents are so likely, as a class, to be privileged that itemizing every one (a herculean task over two years of litigation involving numerous attorneys) is "a pointless waste of time."

## II. Chill of attorney-client communication from possibility of challenge.

In addition to the problem of purposeless burden, "a rule requiring creation of an ongoing log of all post-complaint privileged communications would have a chilling effect on the attorney-client relationship." *In re Snap*, 2018 WL 7501294, at *1 (quoting *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 139 n.22 (3d Cir. 2009)). In *Grider*, the Philadelphia Bar Association took the unusual step of filing an amicus brief in support of attorneys who made a blanket privilege objection to such communications. *See* Br. of Amicus Curiae, Phil. Bar. Ass'n, 2009 WL 7196354. "Courts also have recognized that requiring defendants to disclose identifying information about attorney-client communications relating to the very lawsuit in which the discovery is sought would risk disclosing litigation strategy." *Id.* at *12–13. This is weighed, again, in view of the limited relevance of such communications after the facts on which the lawsuit is based have already occurred. *Id.* The Third Circuit agreed and acknowledged that such a log would be chilling, even though it did not spell out the Philadelphia Bar Association's concerns. 580 F.3d at 139 n.22.

Such concerns militate against the creation of a privilege log even after a complaint has been litigated, but a related one is filed. The contrary view, where there is an expectation that, in future cases, such communications are placed on a log and made potentially discoverable

will certainly chill attorney-client communication. *See Mon Cheri Bridals*, 2021 WL 122492, at *3 (citation omitted) and *Capitol Records,* 261 F.R.D. at 51. Put succinctly, if the possibility exists for a later complaint to trigger discoverability of attorney client material already created for prior litigation, any forward-thinking attorney will work to reduce any such communication regardless of a presumptive privilege in the instant case.

### III. St. Luke's has no justification for seeking a log of *United States* documents.

In this case, St. Luke's is quite expressly trying to step into the shoes of the federal government, to preserve an injunction that was entered for identical reasons in the *United States* litigation. *See e.g.* Dkt. 1 ¶¶ 44, 46; Dkt. 2-1 at 19 ("St. Luke's is requesting an injunction that is, in all material respects, the same as the one already granted by this Court."). There are no additional facts which presumptively privileged documents from that lawsuit could shed light on. There is no basis for them to seek to discover attorney client or work product documents created in connection with prior *litigation* any more than there is for them to seek such documents created after St. Luke's filed the operative complaint. The only thing that such an itemization would accomplish is a needless waste of resources and to chill further such attorney client communication by increasing the likelihood that such communications are discoverable in future related litigation. In the absence of *any* legitimate basis for discovery of communications in the *United States* litigation, St. Luke's position should be rejected.

### CONCLUSION

The Court should decline to require the Attorney General to prepare a privilege log for documents created in prior litigation.

DATED: May 14, 2025

                                     STATE OF IDAHO
                                     OFFICE OF THE ATTORNEY GENERAL

                                     */s/ Brian V. Church*
                                     BRIAN V. CHURCH
                                     Lead Deputy Attorney General

                                     *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on May 14, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Wendy J. Olson
wendy.olson@stoel.com

Alaina Harrington
alaina.harrington@stoel.com

Lindsay C. Harrison
lharrison@jenner.com

Jessica Ring Amunson
jamunson@jenner.com

Sophia W. Montgomery
smontgomery@jenner.com

Ruby C. Giaquinto
rgiaquinto@jenner.com

*Attorneys for Plaintiff St. Luke's Health System*

Stephen L. Adams
sadams@gfidaholaw.com

Chad Golder
cgolder@aha.org

*Attorneys for Proposed Amici American Hospital Association, America's Essential Hospitals, and the American Association of Medical Colleges*

　　　　　　　　　　　　　/s/ Brian V. Church
　　　　　　　　　　　　　BRIAN V. CHURCH

DEFENDANT'S SUPPLEMENTAL BRIEF CONCERNING NECESSITY OF PRIVILEGE LOG—6