UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD., <br><br> Plaintiff, <br><br> v. <br><br> RAÚL LABRADOR, Attorney General of the State of Idaho, <br><br> Defendant. | Case No. 1:25-cv-00015-BLW <br><br> **ORDER RE DISCOVERY** |

# INTRODUCTION

On May 7, 2025, the Court conducted a scheduling conference and issued a Scheduling Order later the same day. The Scheduling Order contemplated an additional order related to discovery, however, as the parties had submitted competing discovery plans. *See* Dkt. 59, ¶ 4. The Court ordered supplemental briefing regarding the disagreements in the competing plans. That briefing has now been submitted, and the Court will resolve the disputes as set forth below.

# DISCUSSION

### 1. Number of Depositions

The parties do not agree on the number of depositions. St. Luke's proposed

10 depositions per side; Attorney General Labrador proposed 25 per side. The Court finds that 12 depositions per side is appropriate and the parties will be so limited. If both sides agree additional depositions are necessary, they are free to conduct extra depositions without seeking Court permission. But in the absence of such an agreement, the party wishing to take additional depositions must seek leave of the Court using the Court's expedited discovery procedures.

**2. Scope of ESI Preservation**

The next disagreement relates to the scope of ESI preservation. The Attorney General proposed that the parties agree to preserve ESI related to the following topics:

- abortion;

- the Idaho Defense of Life Act;

- EMTALA;

- pregnant patients who have been transferred out of state (including their medical records); and

- abortions performed by St. Luke's providers or at St. Luke's facilities which St. Luke's believes or otherwise claims were done under EMTALA; and

- Plaintiff's claims in this case.

*Defendant's Proposed Discovery Plan,* Dkt. 57, at 2. St. Luke's initially suggested that the parties preserve ESI "related to the claims and defenses in this case. *St.*

ORDER RE DISCOVERY - 2

*Luke's Proposed Discovery Plan,* Dkt. 54, at 2. After the scheduling conference, St. Luke's supplemented its list to include the following proposed topics:

- the alleged conflict between EMTALA and the Idaho Defense of Life Act;

- the transfer of pregnant patients out of state (including medical records and air traffic control records);

- Plaintiff's claims and Defendant's defenses in this case;

- the lawsuit *United States v. Idaho*, No. 1:22-cv-00329 (D. Idaho);

- the relationship between Medicaid and abortion, including the Hyde Amendment (including documents related to the reimbursement under Medicaid of abortion);

- the Supremacy Clause, federal preemption, and/or the Spending Clause of the U.S. Constitution.

*See St. Luke's Supp. re Scope of ESI Preservation,* Dkt. 63, at 1-2.

The Court will order the parties to include all topics listed above (as proposed by both parties) in the scope of ESI preservation.

## 3. Protective Order

The parties also had a disagreements regarding an anticipated protective order. Both sides agree that a protective order will be necessary to protect medical records and personal information, and they plan to submit a proposed order to the Court for approval. Attorney General Labrador proposed using "the Court's Model

Protective Order with a provision of 'Attorney Eyes Only.'" *Defendant's Proposed Discovery Plan,* Dkt. 57, at 11. St. Luke's opposed using the model protective order, suggesting that a "more tailored Protective Order will be necessary to account for private and medical information implicated by discovery." *See St. Luke's Proposed Discovery Plan,* Dkt. 54, at 10. The Court will refrain from issuing any order, at this time, with respect to the disagreements over the planned protective order. The Court understands that, after the May 7, 2025 scheduling conference, St. Luke's had intended to submit a proposed protective order to the Attorney General. Then, the parties would determine whether they would need to submit competing protective orders or an agreed-upon proposed protective order. *See May 7, 2025 Docket Entry Order,* Dkt. 58. As of this date, the Court has not received any proposed protective order. Accordingly, the Court will refrain from ruling on this issue and will instead wait for the parties' submissions.

4. **Privilege Logs**

Finally, the Court will address the parties' disputes related to scope of communications to be included in privilege logs. Attorney General Labrador argues that he should not need to log communications involving trial counsel that post-date the filing of the complaint in *United States v. Idaho*, No. 1:22-cv-00329-BLW (D. Idaho). St. Luke's says that only communications post-dating the filing of the present complaint should be exempt from the privilege log.

ORDER RE DISCOVERY - 4

Under Rule 26(b)(5), a party withholding information based on a claim of privilege must provide a privilege log describing the nature of the materials in a manner that allows the other party to assess the claim. An exception to this requirement typically applies for communications between counsel and client that occur after the litigation commences. *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, 2009 WL 5114077, at *3 (N.D. Cal. Dec. 18, 2009). These materials are "presumptively privileged" due to the burden of logging all such communications and the potential to chill the attorney-client relationship. *Mon Cheri Bridals, LLC v. Cloudflare, Inc.*, No. 19-cv-01356-VC (TSH), 2021 WL 1222492, at *3 (N.D. Cal. Apr. 1, 2021). Courts in the Ninth Circuit have also excluded correspondence that occurred prior to the litigation "but in direct connection with preparation for the litigation." *iSmart Intern. Ltd. v. I-DocSecure*, LLC, No. C 04-03114, 2006 WL 2263910, at *3 (N.D. Cal. Aug. 8, 2006).

The Attorney General's proposal, however, goes significantly beyond the exceptions to Rule 26(b)(5) recognized by other district courts. He wishes to dispense with a privilege log for communications involving trial counsel that post-date not only the present litigation, but a separate case initiated 2.5 years earlier involving entirely different parties. The Attorney General has not cited, and the Court has not found, any decisions recognizing a Rule 26(b)(5) exception in this situation. Courts appear to have exempted communications post-dating a related

case only when that earlier case was between the same parties. *See Capitol Records, Inc. v. MP3tunes, LLC*, 261 F.R.D. 44, 50 (S.D.N.Y. 2009). Here, though the earlier case is substantively similar, it arose between entirely different parties. The logic of the exception for counsel's post-complaint communications does not reach this far.

First, although logging post-*United States v. Idaho* communications doubtlessly poses a burden for defense counsel, the burden is not undue. For communications that post-date the present complaint, logging would be "a pointless waste of time" because those communications are "overwhelmingly likely to be privileged." *Mon Cheri Bridals*, 2021 WL 1222492, at *3. But it is not "overwhelmingly likely" that all communications involving trial counsel after the filing of *United States v. Idaho* are privileged. The privilege analysis is complicated because of the different parties involved—including state legislature, which intervened in *United States v. Idaho*—and it is also reasonable to think that some of the communications during that 2.5 year period may not have been for the purposes of obtaining legal advice.

Second, there is minimal danger of chilling attorney-client communication. To start, *United States v. Idaho* is over. Requiring a privilege log for ongoing communications with counsel could directly discourage such communications. *See In re Snap Inc. Sec. Litig.*, No. CV 17-03679, 2018 WL 7501294, at *1 (C.D. Cal.

Nov. 29, 2018). But the abstract possibility of needing to retroactively log communications has far less chilling potential. Indeed, the fact that no other district court appears to have addressed this issue suggests that such a procedural posture is exceedingly rare. This speculation about a possible chilling effect does not justify such a broad relief from the mandates of Rule 26(b)(5).

For these reasons, the Court concludes that it would be inappropriate to dispense with the privilege log requirement for communications with trial counsel that post-date the filing of the complaint in *United States v. Idaho*.

## ORDER

THEREFORE, IT IS HEREBY ORDERED THAT:

1. Discover shall proceed in accordance with the parties' discovery plans to the extent they contain similar provisions. As to the points of disagreement, discovery shall proceed as set forth in this Order.

2. Only communications involving trial counsel that post-date the filing of the present complaint need not be placed on the privilege log.

DATED: July 28, 2025

B. Lynn Winmill
United States District Judge