UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD., <br><br> Plaintiff, <br><br> v. <br><br> RAÚL LABRADOR, Attorney General of the State of Idaho, <br><br> Defendant. | Case No. 1:25-cv-00015-BLW <br><br> **MEMORANDUM DECISION & ORDER RE EXTENSION OF DEADLINES** |

## INTRODUCTION

Before the Court is Plaintiff St. Luke's Health System, Ltd.'s Motion for Extension of Unexpired Scheduling Order Deadlines. *See* Dkt. 66. For the reasons explained below, the Court will grant the motion.

## BACKGROUND

In January 2025, St. Luke's sued Idaho Attorney General Raúl Labrador, claiming that Idaho Code § 18-622 is invalid to the extent it conflicts with the federal Emergency Medical Treatment and Labor Act (EMTALA), 42 U.S.C. § 1395dd. In March 2025, the Court entered a preliminary injunction, enjoining the Attorney General from enforcing Idaho Code § 18-622 against St. Luke's and its

medical providers as applied to emergency medical care required by EMTALA.

The Attorney General did not appeal the injunction, and in May 2025, the Court conducted a scheduling conference and issued a Scheduling Order. *See* Dkt. 59; *see also* Dkt. 64. St. Luke's now seeks an extension of the following deadlines:

| Task | Existing Deadline | Proposed Extension |
|---|---|---|
| Plaintiff's expert disclosure | 10/13/2025[1] | 01/23/2026 |
| Defendant's expert disclosure | 11/12/2025 | 02/23/2026 |
| Plaintiff's rebuttal expert disclosure | 11/26/2025 | 03/09/2026 |
| Fact discovery cutoff | 01/13/2026 | 04/13/2026 |
| Expert discovery cutoff | 01/27/2026 | 05/11/2026 |
| Dispositive-motion deadline | 02/26/2026 | 05/26/2026 |

*See* Dkt. 59, at 1-3 (current schedule); Dkt. 66, at 7 (proposed extension).

## GOVERNING LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." In assessing the existence of good cause, courts look to both the "diligence of the party seeking amendment" and "the existence or degree of prejudice to the opposing party." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). That said, if the party seeking the modification has not been diligent, the inquiry ends.

---

[1] St. Luke's alerted the Court to the dispute on Thursday, October 9, 2025—suggesting that a ruling would be necessary by October 13, 2025. The Court sua sponte extended the October 13, 2025 deadline noted here by 10 days—to October 23, 2025—to give the parties a chance to brief the issues and the Court time to resolve the motion. *See* Dkt. 65

**MEMORANDUM DECISION & ORDER - 2**

## DISCUSSION

### A. Diligence

After reviewing the parties' submissions—including the various exhibits attached to the declarations of counsel—the Court is satisfied that St. Luke's has acted diligently. As St. Luke's points out, part of the delay is attributable to the fact that the parties have been hung up on the terms of a mutually acceptable protective order for quite some time. In fact, they still haven't reached an agreement. The Court will not step into the negotiations at this point as the parties are well represented by experienced counsel, and the Court is hopeful that they will be able to resolve their differences. But the larger point is that St. Luke's has been diligent in its efforts to resolve the issues surrounding the terms of a protective order. Specifically, St. Luke's proposed its version of an acceptable protective order shortly after the Court issued the scheduling order. The parties exchanged multiple drafts during the ensuing months, and on two occasions, the Attorney General did not respond to St. Luke's proposals for several weeks.[2]

Aside from that, although St. Luke's hasn't yet responded to outstanding discovery, it has invested substantial time—over 100 attorney and client hours—collecting responsive documents. Further, both parties mutually agreed to extend

---

[2] St. Luke's provides the detail on the back-and-forth at page 2 of its motion. *See* Dkt. 66, at 2. As noted there, the Attorney General responded to St. Luke's June 5 proposal on July 17, and he responded to St. Luke's August 4 proposal on October 8.

their deadlines to October 31, 2025.

Under these circumstances, and viewing the totality of the parties' efforts, the Court easily finds that St. Luke's acted diligently.

## B.     Prejudice

The next issue is prejudice. The Attorney General contends that extending the schedule will cause prejudice by prolonging the injunction currently in place. But the Attorney General's own pace in discovery and in the protective-order negotiations does not reflect the urgency he now claims. As noted above, the parties' extended back-and-forth over the protective order has been a significant factor in shaping the current timeline. The Attorney General also agreed to mutual extensions for discovery responses. Having participated in setting this pace, he cannot now persuasively argue that the relatively modest extension St. Luke's seeks will prejudice him.

## C.     The Extension

For all these reasons, the Court finds that St. Luke's proposed extension is reasonable, supported by good cause, and tailored to the circumstances of this case. The Court will modify the Scheduling Order accordingly.

Finally, the Court is not persuaded by the Attorney General's suggestion that the extension be conditioned on the Court (1) adopting the District's model protective order and (2) reconsidering its prior ruling concerning privilege-log

obligations. The issue squarely before the Court is whether the Scheduling Order should be modified for good cause under Rule 16(b)(4)—not the terms of the protective order or the contents of privilege logs. As for the protective order, the Court will allow the parties to continue their negotiations on an appropriate protective order and is hopeful that counsel will be able to reach a mutually agreeable solution without further Court intervention. As for the privilege-log ruling, that issue has already been fully briefed and resolved. The Court's prior order on privilege logs stands; it will not be revisited in the context of this motion. If Defendant wishes to seek reconsideration of that ruling—and the Court is not inviting such a motion, as it has already issued a final ruling on that issue—it must do so through an appropriate, separately filed motion to reconsider.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion for an Extension of Unexpired Scheduling Order Deadlines (Dkt. 66) is **GRANTED.**

2. Accordingly, the deadlines set forth in the Court's Scheduling Order (Dkt. 59) are modified as follows:

    a. Plaintiff's expert disclosure: **January 23, 2026**

    b. Defendant's expert disclosure: **February 23, 2026**

    c. Plaintiff's rebuttal expert disclosures: **March 9, 2026**

    d. Fact discovery cutoff: **April 13, 2026**

    e. Expert discovery cutoff: **May 11, 2026**

    f. Dispositive-motion deadline: **May 26, 2026**

3. All other provisions of the Scheduling Order shall remain in effect.

DATED: October 17, 2025

_____
B. Lynn Winmill
U.S. District Court Judge