# Exhibit C

**Giaquinto, Ruby C.**

| | |
|---|---|
| **From:** | Olson, Wendy J. <wendy.olson@stoel.com> |
| **Sent:** | Wednesday, October 15, 2025 4:36 PM |
| **To:** | Brian Church; David Myers; James Craig |
| **Cc:** | Harrison, Lindsay C.; Giaquinto, Ruby C.; Montgomery, Sophia W.; Amunson, Jessica Ring; Harrington, Alaina P. |
| **Subject:** | RE: St. Luke's v. Labrador -- protective order and extension of scheduling order deadlines |

**External Email - Do Not Click Links or Attachments Unless You Know They Are Safe**

Hi Brian,

Thanks for your email.

It looks like we are very close on the protective order. Turning only to the two remaining items:

- Item 3. We are fine with that language from the Model Protective Order but it of course needs to include the reference to AEO material: "Use of any information or documents labeled "Confidential" or "Attorney Eyes Only" or "AEO" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any other purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation."
- Item 4. It is important to our client to include the language we have proposed in Section 11. We do not think it is superfluous. It looks like we will have to litigate this issue.

On the motion for extension, we still cannot agree to your condition. As you know, we already have litigated this issue. We will file our motion for an extension of time. We appreciate your consideration of our request.

Best,
Wendy

---

**From:** Brian Church <brian.church@ag.idaho.gov>
**Sent:** Wednesday, October 15, 2025 1:27 PM
**To:** Olson, Wendy J. <wendy.olson@stoel.com>; David Myers <David.Myers@ag.idaho.gov>; James Craig <James.Craig@ag.idaho.gov>
**Cc:** Harrison, Lindsay C. <lharrison@jenner.com>; Giaquinto, Ruby C. <rgiaquinto@jenner.com>; Montgomery, Sophia W. <smontgomery@jenner.com>; Amunson, Jessica Ring <jamunson@jenner.com>; Harrington, Alaina P. <alaina.harrington@stoel.com>
**Subject:** RE: St. Luke's v. Labrador -- protective order and extension of scheduling order deadlines

Wendy:

1

**Protective Order**
- Item 1 (identification of confidential material): Thanks for agreeing to that.
- Item 2 (sections 4.2 and 4.3): We are fine with "all deputies attorney general, including special deputies attorney general,"
- Item 3: The model protective order has the following language. Instead of the language you suggest, we would be fine incorporating the model protective order's language into the suggested protective order, section 1
    - Use of any information or documents labeled "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any other purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.
- Item 4 (section 11): It looks to me that the concern about how we use confidential information or confidential documents is already addressed as part of the general language from the model protective order, which I am suggesting we include for item 3. We can't agree to include the superfluous language in Section 11.

**Motion for Extension**
- Wendy, we will agree to a three-month shift of the deadlines, so long as St. Luke's agrees that we need not identify, on a privilege log, all attorney-client communications that predate the filing of the complaint in *St. Luke's Health System, Ltd. v. Labrador*, No. 1:25-cv-00015-BLW (D. Idaho), but were sent on or after the date of the filing of the complaint in *United States v. Idaho*, No. 1:22-cv-329-BLW (D. Idaho). We don't see the need for anything more than a brief shift of deadlines and we have good reason not to want this case to take longer than necessary, but we're willing to be accommodating and agree to a longer extension than we otherwise would if it will save us the unnecessary expenditure of time and resources to generate a privilege log that will not help either party.

\--



**Brian V. Church | Lead Deputy Attorney General**
Civil Litigation and Constitutional Defense Division
Office of the Attorney General | State of Idaho
Phone: (208) 334-2400

---

**From:** Olson, Wendy J. <wendy.olson@stoel.com>
**Sent:** Tuesday, October 14, 2025 12:40 PM
**To:** David Myers <David.Myers@ag.idaho.gov>; Brian Church <brian.church@ag.idaho.gov>; James Craig <James.Craig@ag.idaho.gov>
**Cc:** Harrison, Lindsay C. <lharrison@jenner.com>; Giaquinto, Ruby C. <rgiaquinto@jenner.com>; Montgomery, Sophia

W. <smontgomery@jenner.com>; Amunson, Jessica Ring <jamunson@jenner.com>; Harrington, Alaina P. <alaina.harrington@stoel.com>
**Subject:** St. Luke's v. Labrador -- protective order and extension of scheduling order deadlines

Good afternoon David and Brian,

We are reaching out on two issues: (1) the protective order; and (2) our request to extend the unexpired deadlines in the Scheduling Order.

First, we agree that there are four remaining issues on the protective order. Our position on them is as follows:

1. We agree to your request that you be allowed to identify documents you are designating as AEO or confidential with an appendix.
2. With respect to your change of the language regarding who you can share AEO/confidential material with, we propose the following slight modification:

   "the receiving party's counsel of record in this action including for Defendant all deputies attorney general, including special deputies attorney general, however denominated, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;"

3. We continue to believe it is appropriate to include the sentence at the end of section 1 limiting the use of such information, "Notwithstanding the foregoing, all information produced or disclosed in the above captioned action shall be used solely for the prosecution or defense (including any appeal) of this action and shall not be used for any other purpose." We cannot agree to remove it.
4. We continue to believe it is appropriate to include the sentence at the end of section 11, "Moreover, the Parties' agree that they will not seek information or use information obtained through discovery in this case to investigate or impose liability on any person for seeking, obtaining, providing, or facilitating reproductive health care or to identify any person for such purposes." We cannot agree to remove it.

Please let us know if you agree to our revision on issue #2 above and if you still insist on removing the sentences described in issues #3 and #4 above.

Second, as you know we have until Thursday to file our briefing regarding the extension of the scheduling order we previously proposed. As we explained in our email on Thursday, Oct. 9, to which we received out of office replies from Brian and David, we cannot agree to your two conditions. We can agree to a three-month rather than a four month extension, which would make the various deadlines: (1) Plaintiff's expert disclosures due on January 23, 2026; (2) Defendant's expert disclosures due on February 23, 2026; (3) Plaintiff's rebuttal experts disclosed by March 9, 2026; (4) discovery related to experts completed by May 11, 2026; (5) completion of fact discovery by April 13, 2026; and (6) dispositive motions filed by May 26, 2026. Please let us know if you agree to this three-month extension of the above deadlines so that we can avoid motions practice.

Best,
Wendy

**Wendy Olson** | Partner
**STOEL RIVES LLP** | 101 S. Capitol Boulevard, Suite 1900 | Boise, ID 83702
Direct: (208) 387-4291 | Mobile: (208) 484-5279
wendy.olson@stoel.com | Bio | vCard | www.stoel.com



This email may contain material that is confidential, privileged, and/or attorney work product for the sole use of the intended recipient. Any unauthorized review, use, or distribution is prohibited and may be unlawful.

**NOTICE:** This message, including any attachments, is intended only for the individual(s) or entity(ies) named above and may contain information that is confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, please reply to the sender that you have received this transmission in error, and then please delete this email.