# Exhibit E

# Exhibit E

RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation
and Constitutional Defense

BRIAN V. CHURCH, ISB #9391
Lead Deputy Attorney General
DAVID J. MYERS, ISB #6528
Deputy Attorney General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
brian.church@ag.idaho.gov
david.myers@ag.idaho.gov

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD., <br><br> *Plaintiff,* <br><br> v. <br><br> RAÚL LABRADOR, Attorney General of the State of Idaho <br><br> *Defendant.* | Case No. 1:25-cv-00015-BLW <br><br> **DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF** |

Defendant propounds the following First Set of Interrogatories and Requests for

Production to Plaintiff.

INTERROGATORY NO. 4: Identify all occasions after June 24, 2022, in which a patient sought treatment from St. Luke's for an emergency medical condition (as defined) and St. Luke's performed an abortion (as defined) to stabilize (as defined) the emergency medical condition.

RESPONSE:

INTERROGATORY NO. 5: In your Complaint ¶ 51, you describe your treatment of "six pregnant St. Luke's patients with medical emergencies" during the "two short periods of time when Idaho's new abortion law was in effect without any limiting injunction." For those same "two short periods of time," identify all other occasions in which pregnant patients who presented to St. Luke's with medical emergencies were transferred out of state by any means *other* than airlift "for care that could include termination of their pregnancy," *id.*, because such transfer "was the medically appropriate course of action to avoid a conflict between the stabilizing treatment required by federal law and Idaho's law" (Complaint ¶ 54).

RESPONSE:

INTERROGATORY NO. 6: For each of the years 2015-2025, state the number of pregnant patients who presented to St. Luke's with a medical emergency related to their pregnancy who were transferred out of state, whether by airlift or any other method, for care that could include termination of their pregnancy.

RESPONSE:

DEFENDANT'S FIRST SET OF INTERROGATORIES<br>AND REQUESTS FOR PRODUCTION TO PLAINTIFF—7

REQUEST FOR PRODUCTION NO. 24: All documents supporting your response to Interrogatory No. 2, including all medical and insurance records of the patients involved.

REQUEST FOR PRODUCTION NO. 25: All documents supporting your response to Interrogatory No. 3, including all medical and insurance records of the patients involved.

REQUEST FOR PRODUCTION NO. 26: All documents supporting your response to Interrogatory No. 4, including all medical and insurance records of the patients involved.

**Idaho law and EMTALA**

REQUEST FOR PRODUCTION NO. 27: All documents containing or reflecting your communications to your personnel–including employees and contractors—regarding your guidance, instructions, analysis, interpretation, or construction of DOLA, EMTALA, or regarding transfers of pregnant patients for abortions ostensibly in compliance with EMTALA.

REQUEST FOR PRODUCTION NO. 28: All documents—including internal and external correspondence/emails, public statements, written statements/emails to employees, and internal memoranda—mentioning or discussing DOLA; S.L. 2020, ch. 284, § 1; S.L. 2023, ch. 298, § 2; Idaho's Fetal Heartbeat Preborn Child Protection Act; or any Idaho law related to abortion.

REQUEST FOR PRODUCTION NO. 29: All documents containing or discussing any communications between you and any Idaho legislator, including his/her staff, regarding *United States v. Idaho*, *Adkins v. Idaho*, or DOLA; S.L. 2020, ch. 284, § 1; S.L. 2023, ch. 298, § 2; Idaho's Fetal Heartbeat Preborn Child Protection Act; or any Idaho law related to abortion.