IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ST. LUKE'S HEALTH SYSTEM, LTD., | Case No. 1:25-cv-00015-BLW |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| RAÚL LABRADOR, Attorney General of the State of Idaho, | |
| Defendant. | |

One or more of the parties in this matter anticipates the production of documents or information that at least one party or a third-party from whom documents have been or will be subpoenaed, considers to be, or to contain, confidential, proprietary, trade secret, or commercially or personally sensitive information, including medical records and that may be appropriately subject to protection under Federal Rule of Civil Procedure 26(c) and the Health Insurance Portability and Accountability Act and its implementing regulations, 45 C.F.R. § 164.512(e)(l).

Good cause exists to protect the confidential nature of the information contained in certain documents, interrogatory responses, responses to requests for admission, or deposition testimony. Entry of this Protective Order is warranted to protect against disclosure of such documents and information.

Good cause being shown, **IT IS HEREBY ORDERED** as follows:

1.      PURPOSES AND LIMITATIONS

Use of any information or documents labeled "Confidential" or "Attorney Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any other purpose. This Protective Order does not confer blanket protection on all disclosures or responses to discovery;

152651356.1 0048059-00016

the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

This Protective Order applies to discovery, pre-trial, trial, and post-trial proceedings in this action, whether the Documents are produced by a party or a person or entity who is not a party to this Action (a "non-party"). It also binds the Parties and their respective agents, successors, personal representatives, and assignees. However, this Protective Order does not govern the use by the Parties of Protected Material ("Confidential" or Attorney Eyes Only" material) in open court at any hearing or trial, but the Parties reserve the right to seek relief from the Court in connection with the intended use of Protected Material in any such hearing or trial.

2.    "CONFIDENTIAL" AND "ATTORNEY EYES ONLY" MATERIAL

"Confidential" material shall include the following documents and tangible things (regardless of how generated, stored, or maintained) produced or otherwise exchanged which contain: (1) "protected health information," which shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501[1]; (2) documents discussing treatments; (3) information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a; (4) information protected by the Internal Revenue Code, 26 U.S.C. § 6103; (5) proprietary information; (6) trade secret information; (7) confidential research or development; (8) financial information that is commercially sensitive or that otherwise is entitled to protective treatment under Federal Rule of Civil Procedure 26(c); (9) information subject to non-disclosure or other confidentiality agreements, whether between the parties or with third parties; and (10) personal information that is protected from disclosure by other statute, regulation, or otherwise entitled to protection from

---

[1] Protected health information includes, but is not limited to, health information, including demographic information relating to either: (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or ( c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

STIPULATED PROTECTIVE ORDER - 2

public disclosure. Such confidential and/or proprietary information shall be referred to herein as "Confidential."

"Attorney Eyes Only" materials shall include documents and tangible things (regardless of how generated, stored, or maintained) that qualify as "Confidential" and that the designating party reasonably believes contain highly sensitive business or personal information, the disclosure of which to another party or non-party would create a risk of competitive or commercial disadvantage, or highly sensitive personal disadvantage, to the designating party, or a person for whom the designating party provides personal services, that could not be avoided by less restrictive means. Such information and materials shall be referred to herein as "Attorney Eyes Only."

It is the parties' intent that material will not be designated "Confidential" or "Attorney Eyes Only" without a good faith belief that it has been maintained in a confidential, non-public manner, there is good cause why it should not be part of the public record in this case, and, with respect to "Attorney Eyes Only" materials, there is a significant risk of competitive or commercial disadvantage or highly sensitive personal disadvantage to the designating party, or a person for whom the designating party provides personal services, if such materials are disclosed to another party or non-party.

The parties agree that third parties from whom documents are subpoenaed may also designate materials as "Confidential" or "Attorney Eyes Only" and the parties will observe those designations consistent with all terms of this Protective Order.

3.    SCOPE

The protections conferred by this Protective Order cover not only Confidential and Attorney Eyes Only material (as defined above), but also (1) any information copied or extracted from Confidential or Attorney Eyes Only material; (2) all copies, excerpts, summaries, or

STIPULATED PROTECTIVE ORDER - 3

compilations of Confidential or Attorney Eyes Only material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential or Attorney Eyes Only material.

The parties are authorized to produce personally identifying information contained within electronically stored information or hard copy documents. Any electronically stored information or hard copy documents containing such personally identifying information will be deemed Confidential Information, regardless of whether the electronically stored information or hard copy documents are marked with a "Confidential" legend designating the information as Confidential Information. The parties may further designate this information as Attorney Eyes Only information if appropriate under the definition set forth above.

4.    ACCESS TO AND USE OF CONFIDENTIAL AND ATTORNEY EYES ONLY MATERIAL

4.1    Basic Principles. A receiving party may use Confidential or Attorney Eyes Only material that is disclosed or produced by another party or by a non-party in connection with this case solely for purposes of prosecuting, defending, or attempting to settle this litigation. Confidential and Attorney Eyes Only material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Prior to disclosing Confidential or Attorney Eyes Only material to the categories of persons and under the conditions described in this Protective Order, counsel shall inform each such person that Confidential and Attorney Eyes Only material may not be used or disclosed for any purpose other than this litigation and provide a copy of this Protective Order, and for certain categories of persons, must ensure they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as stated below. Counsel shall take all other reasonable steps to ensure that persons receiving Confidential and Attorney Eyes Only material and health information do not use or disclose such information for any purpose other than this litigation. Confidential and Attorney Eyes Only material must be stored and maintained

STIPULATED PROTECTIVE ORDER - 4

by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

       4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential material only to:

(a) the receiving party's counsel of record in this action, including for Defendant all deputies attorney general however denominated, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound";

(d) the Court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of Confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential material to third parties and to immediately return all originals and copies of any Confidential material;

(f) witnesses in the action to whom disclosure is reasonably necessary, including during their depositions, and who have signed the "Acknowledgment and Agreement to Be Bound", unless otherwise agreed by the designating party or ordered by the Court;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) mediators and arbitrators.

STIPULATED PROTECTIVE ORDER - 5

Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

4.3    Disclosure of Attorney Eyes Only Information or Items. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may only disclose Attorney Eyes Only material to:

(a) the receiving party's counsel of record in this action, including for Defendant all deputies attorney general however denominated, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) in-house counsel of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound";

(d) the Court, court personnel, and court reporters and their staff once appropriate measures have been taken for protection of the information;

(e) copy or imaging services retained by counsel to assist in the duplication of Attorney Eyes Only material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Attorney Eyes Only material to third parties and to immediately return all originals and copies of any Attorney Eyes Only material;

(f) witnesses in the action to whom disclosure is reasonably necessary, including during their depositions, and who have signed the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the designating party or ordered by the Court: and

(g) the author or recipient of a document containing the information.

STIPULATED PROTECTIVE ORDER - 6

Pages of transcribed deposition testimony or exhibits to depositions that reveal Attorney Eyes Only material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement.

4.4    Filing Confidential or Attorney Eyes Only Material. Before filing Confidential or Attorney Eyes Only material or discussing or referencing such material in court filings, the filing party shall provide advance notice to the designating party. Any Confidential or Attorney Eyes Only information, or any document incorporating Confidential or Attorney Eyes Only information, that is filed with the Court shall be filed in accordance with the Court's CM/ECF procedures and shall be filed provisionally under seal according to District of Idaho Local Civil Rule 5.3(b). The designating party shall have the burden and responsibility of filing a motion to seal with the Court under Local Civil Rule 5.3 to determine whether or not the record designated as Confidential or Attorney Eyes Only will in fact be sealed or redacted. "Compelling reasons," as set forth in *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006), must be shown to seal records attached to a dispositive motion, and "good cause" must be shown to seal records attached to a non-dispositive motion.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

STIPULATED PROTECTIVE ORDER - 7

unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Protective Order (*see, e.g.*, section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Protective Order must be clearly so designated before or when the material is disclosed or produced.

(a) Information in Documentary Form. To designate information in documentary form (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings) for protection under this agreement, the designating party must affix the word "CONFIDENTIAL" or "ATTORNEY EYES ONLY" to each page that contains Confidential or Attorney Eyes Only material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins or by separately addressing in an appendix which parts are protected).

(b) Testimony Given in Deposition or in Other Pretrial Proceedings. To designate testimony given in a deposition or in other pretrial proceedings for protection under this agreement, any party may, within thirty days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential or Attorney Eyes Only. If a party desires to protect Confidential or Attorney Eyes Only information at trial, the issue should be addressed during the pre-trial conference. Unless otherwise agreed, all deposition transcripts shall be treated as "CONFIDENTIAL" until the expiration of the thirty-day period.

STIPULATED PROTECTIVE ORDER - 8

(c) Other Tangible Items. To designate other tangible items for protection under this agreement, the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "ATTORNEY EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Protective Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any party may challenge a designation of Confidential or Attorney Eyes Only at any time up until and including sixty (60) days prior to trial. Unless a prompt challenge to a designating party's Confidential or Attorney Eyes Only designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge the designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Parties must make every attempt to resolve any dispute regarding Confidential or Attorney Eyes Only designations without Court involvement. Any motion regarding Confidential or Attorney Eyes Only designations, or for a protective order, must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the

STIPULATED PROTECTIVE ORDER - 9

dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without Court intervention, the designating party may file and serve a motion to retain the Confidentiality or Attorney Eyes Only designation. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as Confidential or Attorney Eyes Only until the Court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

7.1     If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEY EYES ONLY," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential or Attorney Eyes Only material may be affected.

8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential or Attorney Eyes Only material to any person or in any circumstance not authorized under this

STIPULATED PROTECTIVE ORDER - 10

Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or order that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) and absent any order, to be bound by the non-waiver terms of Fed. R. Evid. 502(d).

10.    NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential and Attorney Eyes Only material to the producing party, including all copies, extracts, and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential or Attorney Eyes Only material.

STIPULATED PROTECTIVE ORDER - 11

11.    SEEKING OF MEDICAL RECORDS

Nothing in this Protective Order authorizes counsel for St. Luke's or the Defendant to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, or pursuant to a patient authorization.

This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation.

12.    NO WAIVER OF OBJECTIONS

This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information.

13.    MODIFICATION

Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to, and use of, Protected Material, or other modifications, subject to order by the Court.

The Court has reviewed the reasons offered in support of entry of this Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Protective Order in this action.

DATED: May 1, 2026

B. Lynn Winmill
United States District Judge

STIPULATED PROTECTIVE ORDER - 12

# EXHIBIT A

STIPULATED PROTECTIVE ORDER - 13

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____, have been advised by counsel of record for

_____ in _____

of the protective order governing the delivery, publication, and disclosure of confidential

documents and information produced in this litigation. I have read a copy of the protective

order and agree to abide by its terms.


         _____
         Signed

         _____
         Printed

         _____
         Date

152651356.1 0048059-00016